IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND NORTHERN DIVISION

STUDENTS FOR FAIR
ADMISSIONS,

        *Plaintiff*,

        v.                      No. 1:23-cv-02699

THE UNITED STATES NAVAL
ACADEMY, *et al.*,

        *Defendants*.

## UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF AS AMICUS CURAIE IN SUPPORT OF DEFENDANTS AND MOTION TO FILE EXCESS PAGES

The National Association of Black Military Women ("NABMW"), the American Civil Liberties Union ("ACLU"), the American Civil Liberties Union of Maryland ("ACLU Maryland"), and the NAACP Legal Defense Fund ("LDF") through their undersigned counsel, respectfully move for leave to submit the attached amicus curiae brief in support of the Defendants with respect to the Plaintiff's motion for preliminary injunction.[1] ECF No. 9. The Parties do not object to the filing of this amicus brief.

Given that there is no applicable rule of civil procedure governing amicus curiae briefs, "[d]istrict courts . . . have discretion whether to grant or deny such leave and often look for guidance to Rule 29 of the Federal Rules of Appellate Procedure."[2] *Am. Humanist Ass'n v. Maryland-Nat'l Cap. Park & Plan. Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014). "Rule 29 indicates that amici

---

[1] No party's counsel authored this brief in whole or in part; no party or party's counsel contributed money that was intended to fund preparing or submitting this brief; and no person other than the amici curiae or their counsel contributed money that was intended to fund preparing or submitting this brief. The NABMW, ACLU, ACLU Maryland, and LDF are each nonprofit organizations with no parent corporation and in which no person or entity owns stock.

[2] Under Rule 29, amicus briefs in support of neither party must be filed within 7 days of the principal brief's filing. Here, the applicable principal brief is Defendants' Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction, which was filed on December 1. ECF 46.

1

should state 'the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case.'" *Id.* (quoting Fed. R. App. P. 29(b)(2)). "The aid of *amici curiae* has been allowed at the trial level where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Id.* (citation omitted); *see also Washington Gas Light Co. v. Prince George's Cnty. Council*, No. CIV.A. DKC 08-0967, 2012 WL 832756, at *3 (D. Md. Mar. 9, 2012), *aff'd*, 711 F.3d 412 (4th Cir. 2013).

The proposed amicus brief will aid the Court and provide additional insights not available from the parties. First, amici have an important interest in the outcome of this case. NABMW's mission is to give voice to Black military women and to share their stories as examples for future service members where their histories and talents are too often unrecognized. NABMW has an interest in the success of women of color in the military. Its members know first-hand the challenges of serving in the military as a Black woman. It recognizes that the Naval Academy's consideration of race within its admissions practices is an essential component of ensuring equal opportunity within the military for all service members. The ACLU, NYCLU, and LDF are each civil rights and civil liberties organization with a long history of experience in litigating issues of equal educational opportunity for students.

Second, the proposed amicus would be helpful to the Court because it will provide the Court with the viewpoints and perspectives of service members of color. It will offer the Court a fuller understanding of the many ways in which diversity amongst leaders developed through the military academies is important to the equal treatment of military service members of color. It will provide the Court with a deeper understanding of how discrimination and inequality persist within the military and necessitate continued efforts to increase diversity among the officer corps and senior leadership. Amici argue this Court should deny the Plaintiffs' motion for preliminary injunction.

Amici additionally request permission to extend the length of the proposed amicus brief by 10

pages to 25 pages. *See* Local Rule 105.12(c). The Parties do not oppose this request. As good cause for this request, Amici offer: (1) Plaintiff's Memorandum in Support of its Motion for Preliminary Injunction is 21 pages, and attaches four declarations and over 650 pages of exhibits; ECF 9; (2) Defendants' Response in Opposition to Plaintiff's Motion for Preliminary Injunction is 60 pages and attaches 17 exhibits. ECF 46. As the briefing on this matter indicates, the issues in this case are complex and consequential. Amici respectfully request permission to submit a brief of 25 pages in order to adequately respond to the issues raised by the motion for preliminary injunction and assist the Court in adequately presenting the interests and experiences of service members of color.

Accordingly, Amici respectfully requests that this Court grant leave to file an amicus curiae brief in this matter, which is attached, and that this Court grant leave to file an brief in excess of the page limits.

Respectfully submitted,

/s/ Sarah Hinger
(signed by David Rocah with permission of Sarah Hinger)
Sarah Hinger*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St. 18th Fl.
New York, NY 10004
(212) 519-7882
shinger@aclu.org

*Pro hac vice motion forthcoming*

/s/ David Rocah
David Rocah, Bar No. 27315
Sonia Kumar, Bar No. 07196
Deborah Jeon, Bar No. 06905
ACLU FOUNDATION OF MARYLAND
3600 Clipper Mill Rd. St. 350
Baltimore, MD 21211
(410-889-8550 x111
rocah@aclu-md.org
kumar@aclu-md.org
jeon@aclu-md.org

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2023, I electronically filed the foregoing Motion for Leave to File Brief as Amicus Curiae in Support of Defendants with the Clerk of the Court for the United States District Court for the District of Maryland for the Northern Division by CM/ECF. All participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

/s/ David Rocah
David Rocah, Bar No. 27315
ACLU FOUNDATION OF MARYLAND
3600 Clipper Mill Road, Suite 350
Baltimore MD 21211
410-889-8550 x 111
rocah@aclu-md.org