IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS<br>*Plaintiff*,<br>v.<br>THE UNITED STATES NAVAL ACADEMY, *et al.*,<br>*Defendants*. | No. 1:23-cv-2699-RDB |

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION**

1. With the agreement of the parties, the Court having determined that there is good cause for issuance of a protective order pursuant to Federal Rule of Civil Procedure 26(c) to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives and assignees of certain information and items produced and received in discovery in the above-captioned action, IT IS HEREBY ORDERED as follows:

**A.   Definitions**

2. "Action" shall mean the case captioned *Students for Fair Admissions v. United States Naval Academy, et. al,* No. 1:23-cv-2699-RDB (D. Md.).

3. "Confidential Information" shall mean information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information: (a) is not in the public domain, or if in the public domain, is improperly in the public domain; (b) is a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G); (c) contains personal, financial, medical or other private information

relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2; or (d) is information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a;

4. "Highly Confidential" shall mean information that meets the definition of "Confidential Information" and which the Designating Party reasonably believes contains or reflects details of the United States Naval Academy's admissions process that would give prospective or current applicants an unfair advantage in the admissions process; records that "contain information directly related to a student," pursuant to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g(a)(4), (b)(2)(B); or information relating to the identity of any member of Plaintiff Students for Fair Admissions;.

5. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

6. "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & (B).

7. "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information or Highly Confidential under this Protective Order.

8. "Designating Party" shall mean the party or other person producing in discovery in the Action any information that the Producing Party seeks to designate and have treated as Confidential Information or Highly Confidential pursuant to this Protective Order.

9. "Producing Party" shall mean the person or party producing in discovery in the

Action.

10. "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information or Highly Confidential.

11. Personally identifying information ("PII") includes names and personal information—such as but not limited to Social Security numbers, addresses, telephone numbers, email addresses, and any other contact information.

**B.     Purpose, Scope, and Limitations of Protective Order**

12. This Protective Order applies to discovery, pre-trial, trial (to the extent approved by the Court), and post-trial proceedings in this action, whether the Documents are produced by a party or a person or entity who is not a party to this action (a "non-party").  This Order binds the Parties and their respective agents, successors, personal representatives, and assignees.

13. Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

14. This Protective Order shall not prejudice any party's ability to challenge the use or disclosure of information other than information designated as Confidential Information or Highly Confidential under this Protective Order in this Action.  A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

15. The protections conferred by this Protective Order do not cover any information (i) properly in the public domain; (ii) that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (iii)

known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

16. This Protective Order does not govern the use by the Parties of Confidential Information or Highly Confidential Information in open court at any hearing or trial, but the Parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information or Highly Confidential Information in any such hearing or trial. *See also* ¶ 43 (setting forth the process to publicly disclose Confidential Information, Highly Confidential Information, and PII).

17. This Protective Order governs the disclosure, use, and handling of all Confidential Information and Highly Confidential Information, regardless of the format or medium in which such Confidential Information and Highly Confidential Information is generated, stored, or maintained.

18. Any Confidential Information or Highly Confidential Information referenced in any public pleading or contained in any Document that is publicly and properly filed with the Court in this Action by the Producing Party shall at the time of such public filing cease to be Confidential Information or Highly Confidential Information.

19. Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information or Highly Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information or Highly Confidential Information to lose its designation as Confidential Information or Highly Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

20. This Protective Order applies only to disclosures, uses, and handling of Confidential Information and Highly Confidential Information occurring after the entry of this Protective Order.

21. Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information or Highly Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

22. Any party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

**C.     Method for Designating Confidential Information and Highly Confidential Information**

23. Designations of Confidential Information and Highly Confidential Information shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

24. The Designation of Confidential Information should be limited only to those Documents that qualify under the appropriate standards or under the definition of "Confidential Information" in Paragraph 3 of this Protective Order. The Designation of Highly Confidential Information should be limited only to those Documents that qualify under the appropriate standards or under the definition of "Highly Confidential Information" in Paragraph 4 of this Protective Order.

25. For documents designated under this Protective Order that are produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "Confidential Information – Subject to Protective Order" or "Highly Confidential Information – Subject to Protective Order" on each page of the document asserted to contain Confidential Information or Highly Confidential Information. For

electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the designation "Confidential Information – Subject to Protective Order" or "Highly Confidential Information – Subject to Protective Order" shall appear on the slipsheet accompanying the native document. Any copying or transferring of electronic files that are designated as Confidential Information or Highly Confidential Information must be done in a manner that maintains the protection for all copies.

26. For interrogatory answers and responses to requests for admissions, designation of Confidential Information and Highly Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information or Highly Confidential Information the following: "Confidential – Subject to Protective Order" or "Highly Confidential – Subject to Protective Order."

27. For depositions, designation of Confidential Information or Highly Confidential Information shall be made by letter from counsel within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information or Highly Confidential Information. Prior to the expiration of the above referenced 30-day period, the entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Highly Confidential Information under this Protective Order until the expiration of the 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order and the requirement of executing the certification attached as Exhibit A. After designation of Confidential Information or Highly Confidential Information is made, the following shall be placed on the front of the original and

each copy of a deposition transcript containing Confidential Information or Highly Confidential Information: "Confidential – Subject to Protective Order" or "Highly Confidential – Subject to Protective Order."  If the deposition was filmed, both the recording storage medium (i.e. CD or DVD) and its container shall be labeled "Confidential – Subject to Protective Order" or "Highly Confidential – Subject to Protective Order."

28. For any other Document or item produced in discovery in this Action not falling within Paragraphs 25 to 27 above, designation of Confidential Information and Highly Confidential Information shall be made by labeling the item or the item's container with "Confidential – Subject to Protective Order" or "Highly Confidential – Subject to Protective Order."

D. **Challenging Confidential and Highly Confidential Designations**

29. A Challenging Party shall not be obliged to challenge the propriety of a Confidential Information or Highly Confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

30. The Challenging Party shall initiate a challenge to the designation of any Confidential Information or Highly Confidential Information under this Protective Order by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

31. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within seven (7) calendar days after the Designating Party receives notice from the Challenging Party.  During the conferring process, the Challenging Party must convey its basis for the challenge and the Designating Party must have an opportunity to review the applicable documents and either keep or change the

designation. The Designating Party must communicate its decision(s) to the Challenging Party within fourteen (14) calendar days after receipt of notice of the challenge, or within a reasonable time agreed to by the Parties.

32. If the Designating Party decides to withdraw or change its designation, it shall give notice of this change to all parties.

33. If the Challenging and Designating Parties cannot come to a resolution within the time set forth in Paragraph 31 or as otherwise agreed, either Party may file a motion seeking a determination from the Court.

34. Any information designated as Confidential Information or Highly Confidential Information pursuant to this Protective Order shall be treated as Confidential Information or Highly Confidential Information until such time as (a) the Designating Party agrees that it shall no longer be treated as Confidential Information or Highly Confidential Information or (b) the Court rules that such information should not be treated as Confidential Information or Highly Confidential Information.

E. **Disclosure, Use, and Handling of Confidential Information and Highly Confidential Information**

35. A Receiving Party may use Confidential Information and Highly Confidential Information in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Confidential Information and Highly Confidential Information only in accordance with the terms of this Protective Order.

36. Plaintiff, its counsel, agents, and experts shall not (a) attempt to identify or learn or verify the name, Social Security number, date of birth, street address, email address, telephone number, or other contact information of any Naval Academy students or applicants, or their family members, who are not members of SFFA from any Document containing Confidential Information

8

or Highly Confidential Information; or (b) use any Document containing Confidential Information or Highly Confidential Information in connection with contacting any Naval Academy students or applicants; unless Plaintiff demonstrates that it must do so to support its claims or defenses. In the event Plaintiff asserts it must do so to support its claims or defenses, the Parties shall confer in good faith within (10) days after Plaintiff notifies Defendants that it requires this information. If the Parties are unable to reach an agreement, Plaintiff may make an appropriate application to the Court. During the pendency of any such application, Plaintiff, its counsel, agents, and experts shall not take the actions prohibited by ¶ 36(a) or (b). Nothing in this Order prevents Plaintiff, its counsel, agents, and experts from contacting or being contacted by Naval Academy students or applicants using means other than that obtained from any Document containing Confidential Information or Highly Confidential Information.

37. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information and Highly Confidential Information.

38. Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

   a. Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

   b. Current employees of the Parties who are assisting with respect to this Action;

   c. Any person with prior authorized access to the Confidential Information;

    d.  Current employees of the Producing Party;

    e.  Witnesses, potential witnesses, and deponents, including their counsel;

    f.  Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interviews or depositions in connection with this Action;

    g.  Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

    h.  Any testifying expert ("Testifying Expert") or non-testifying expert ("Consulting Expert") retained by the Receiving Party to assist in this action (including such of the expert's assistants or support staff as are reasonably necessary to facilitate the expert's work);

    i.  Mediators or arbitrators; and

    j.  This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

39.    Highly Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

    a.  Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

b. Any person with prior authorized access to the Highly Confidential Information (except that they shall not be provided with the identities of Plaintiff's members);

c. Deponents, including their counsel, unless those deponents are officers, directors, employees or members of Plaintiff Students for Fair Admissions, or other prospective or current applicants to the Naval Academy;

d. Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interviews or depositions in connection with this Action;

e. Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

f. Any Testifying Expert or Consulting Expert retained by the Receiving Party to assist in this action (including such of the expert's assistants or support staff as are reasonably necessary to facilitate the expert's work);

g. Mediators or arbitrators; and

h. This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

40. Notwithstanding the foregoing, Defendants may designate up to two persons—in addition to the qualified persons identified above—to be provided the identities of Plaintiff's members for the purposes of the defense of this case. Such designated persons shall not be involved in any future consideration of an application for admission by any of those identified members of Plaintiff.

41. Disclosure to the persons referenced in Paragraphs 38, 39, and 40 above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A."

42. Persons receiving Confidential Information or Highly Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

43. Unless the Designating Party gives written permission, all Confidential Information and Highly Confidential Information that is filed with the Court must be (1) filed under seal or *in camera* in accordance with the Court's Local Rules and procedures, and/or (2) redacted from any filing that is publicly available. Further, the parties shall redact PII from any discovery materials—including but not limited to written discovery documents, deposition transcripts and exhibits, and produced documents—produced by the parties or third parties in this case prior to publicly disclosing those materials, whether through a filing on the public docket or dissemination to third parties in any other way.

44. If a Receiving Party or anyone subject to this Protective Order receives a subpoena under Fed. R. Civ. P. 45 (or an equivalent mechanism under state law) seeking Confidential Information or Highly Confidential Information as designated in this Action, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Confidential Information or Highly Confidential Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person or the Receiving Party either (a) that the Designating Party does not object to the production of the Confidential Information or Highly Confidential Information or (b) that the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production. The Designating Party shall bear the burden and

expense of seeking protection of its designated Confidential Information or Highly Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

45. If the need arises for any party to disclose Confidential Information or Highly Confidential Information in a proceeding in open Court or in support of a dispositive motion, it may do so only after giving seven (7) days' notice to the Producing Party who, after a good faith effort to meet-and-confer, may seek additional relief from the Court.

**F.     Expert Materials**

46. All matters concerning expert discovery shall be governed by the Federal Rules of Civil Procedure and the applicable local rules and standing order(s), to the extent not inconsistent with this Order.

47. The following categories of documents and information need not be disclosed, are outside the scope of permissible discovery (including deposition questions), and are deemed to be attorney work product and confidential:

   a. A Consulting Expert's communications, documents, or electronic information made or prepared in connection with this Action including, but not limited to, communications sent to or received by counsel for the Party retaining the Consulting Expert(s);

   b. A Testifying Expert's (i) drafts of expert reports, declarations, affidavits, opinions, written testimony, or work papers prepared in connection with this action or any other action; (ii) preliminary or intermediate calculations, computations, modeling, or data runs prepared in connection with this action or any other action; or (iii) other preliminary expert opinions or draft materials ---

unless such drafts or preliminary materials are among the facts or data considered by another Federal Rule of Civil Procedure 26(a)(2)(B) expert in forming their opinions;

c. Notes or summaries of a Testifying Expert, or persons working at the direction of a Testifying Expert, prepared in connection with this Action or any other action --- unless such materials are among the facts or data considered by another Federal Rule of Civil Procedure 26(a)(2)(B) expert in forming their opinions;

d. Any comments, whether oral or written, related to an expert report or affidavit of a Testifying Expert prepared in connection with this Action by (i) counsel for a Party retaining the Testifying Expert, (ii) a Consulting Expert, (iii) or any person working at the Testifying Expert's direction; and

e. Any communications, whether oral or written, between a Testifying Expert and (i) counsel for a Party retaining the Testifying Expert, (ii) a Consulting Expert, or (iii) any person working at the Testifying Expert's direction, including any information and things included in or attached to such communications, except to the extent they are directly relied upon by the expert in his or her expert report, declaration, affidavit, or testimony.

f. Notwithstanding paragraph 47(a)-(e), consistent with Federal Rule of Civil Procedure 26(b)(4)(C), the following communications are discoverable: communications that (i) relate to compensation for the expert's study or testimony; (ii) communications that identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be

expressed; or (iii) communications that identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

**G.    Inadvertent Production of Confidential Information and Highly Confidential Information**

48.    Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. The Parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information or Highly Confidential Information.

49.    If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information or Highly Confidential Information in accordance with this Protective Order, has disclosed Confidential Information or Highly Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information or Highly Confidential Information subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return or destruction of the Confidential Information or Highly Confidential Information and to prevent further unauthorized disclosures of the Confidential Information or Highly Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and (c) within five (5) calendar days notify the Producing Party and all other Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps

taken to prevent any use or further disclosure of the Confidential Information or Highly Confidential Information that was the subject of the unauthorized disclosure.

**H.    Disposition of Documents Containing Confidential Information and Highly Confidential Information**

50. Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated as Confidential Information or Highly Confidential Information or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. In the course of disposing of information in its possession under this paragraph, Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information or Highly Confidential Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

    a. For material that contains or reflects Confidential Information or Highly Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that

it contains Confidential Information or Highly Confidential Information subject to this Protective Order.

b. Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information or Highly Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information or Highly Confidential Information subject to this Protective Order. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information or Highly Confidential Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

c. Attorneys for the United States may maintain copies of any documents designated Confidential or Highly Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential or Highly Confidential material in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

DATED:   January 8, 2024

/s/
_____
RICHARD D. BENNETT
United States District Judge

Dated: January 5, 2024

/s/  Thomas R. McCarthy
Thomas R. McCarthy*
Patrick Strawbridge*
J. Michael Connolly*
Bryan K. Weir*
Cameron T. Norris
James F. Hasson*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
patrick@consovoymccarthy.com
mike@consovoymccarthy.com
bryan@consovoymccarthy.com
cam@consovoymccarthy.com
james@consovoymccarthy.com

*pro hac vice

Adam K. Mortara*
(TN Bar No. 40089)
LAWFAIR LLC
40 Burton Hills Blvd., Ste. 200
Nashville, TN 37215
(773) 750-7154
mortara@lawfairllc.com

*Counsel for Plaintiff*

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER D. HAAS
Director, Federal Programs Branch

/s/ Catherine M. Yang

JOSHUA E. GARDNER
*By Special Appearance*
Special Counsel

CHRIS EDWARD MENDEZ
*By Special Appearance*
CATHERINE M. YANG
*By Special Appearance*
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch 1100 L Street NW
Washington, DC 20005
Phone: (202) 514-4336
Email: catherine.m.yang@usdoj.gov

MEDHA GARGEYA
*By Special Appearance*
Counsel
U.S. Department of Justice
Civil Division, Office of the Assistant Attorney General
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for Defendants*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNITED STATES NAVAL ACADEMY, *et al.*,<br><br>*Defendants.* | No. 1:23-cv-2699-RDB |

CERTIFICATION

1. My name is_____

2. I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Protective Order, and agree to comply with and to be bound by its provisions. I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

3. I declare under penalty of perjury that the foregoing is true and correct.


Executed this ____ day of _____ by _____
                                                        (Print Name)


Signed_____