# Exhibit B



Gabe Anderson <gabe@consovoymccarthy.com>

---

# SFFA v. USNA: Discovery Conditions & Schedule

---

**Thomas McCarthy** <tom@consovoymccarthy.com>                                      Sat, Dec 16, 2023 at 8:33 PM
To: "Gardner, Joshua E (CIV)" <Joshua.E.Gardner@usdoj.gov>
Cc: "Mendez, Chris E. (CIV)" <Chris.E.Mendez@usdoj.gov>, "Robinson, John J. (CIV)" <John.J.Robinson@usdoj.gov>, Patrick Strawbridge <patrick@consovoymccarthy.com>, Mike Connolly <mike@consovoymccarthy.com>, Cam Norris <cam@consovoymccarthy.com>, Bryan Weir <bryan@consovoymccarthy.com>, James Hasson <james@consovoymccarthy.com>, Gabe Anderson <gabe@consovoymccarthy.com>, Adam Mortara <mortara@lawfairllc.com>, "Gargeya, Medha (CIV)" <Medha.Gargeya@usdoj.gov>, "Yang, Catherine M (CIV)" <Catherine.M.Yang@usdoj.gov>

Josh:

Most of these changes are unacceptable to us. If we cannot agree, the parties should just submit competing schedules to the Court on Monday. Specifically:

- Fact discovery in Harvard was open for ten months. We are substantially limiting the scope of our proposed discovery compared to that case, and thus the timeframe we have proposed should work. The United States has far more resources than Harvard. Judge Bennett indicated he wants the case to move fast but also needs a significant amount of fact development, and we are unwilling to forego adequate discovery into the USNA's admissions process, the extent and effect of race in its admissions, and the Navy's purported justifications for deploying racial classifications.
- Given Judge Bennett's repeated assertions that substantial discovery is required in this case, we strongly doubt there is any point in filing motions to dismiss or for summary judgment. If you insist on doing so, we cannot allow it to delay development of the factual record the Court made clear it wants to see (and we expect the Court will agree). For those reasons, any briefing for MTDs should take place alongside discovery, and any MSJ briefing can take place after our proposed discovery dates.
- In the spirit of compromise, we are willing to reduce our fact witness deposition request to 8, and our custodian request to 15. Of course, if we do not need to use them all we will not, but we cannot agree to an hours limit outside that of the federal rules or further reductions in our ability to explore the facts.
- Our request for admissions data (like information about likely custodians) is information that is largely in the USNA's hands, not ours. We understand the USNA uses an electronic system to track its applicants and their various criteria, and obviously you know better than we do what fields admissions officers are provided. Whatever it is, that is the data we need--five years worth--subject to reasonable redactions of names or other identifying information. We will accept that data under protective order. Harvard and UNC both produced six years of data, and electronic data is easier to produce than other discovery. (Also, our timeline reflects the time our experts have represented they need to conduct their analyses.)
- We will not agree to your language regarding parallel tracks--if, for example, one party appeals the PI decision in Army, it cannot and should not affect this case's schedule. Of course, any party can move to amend the schedule at any time, but needless to say we oppose any effort to curtail our ability to obtain discovery or to further delay trial in this case.
- Post-trial briefing should not extend any further than we proposed so that the court can render an opinion as quickly as possible. There is no reason to extend it further as you've suggested.
- We will agree to your language regarding the protective order and ESI protocol, although the parties should agree or litigate now the scope of custodians and admissions data. Given the Court's proposed deadlines, time is simply too precious to put it off another month.

Please advise us of USNA's position by 10 a.m. Monday, so we can be prepared to submit our proposed schedule and reasoning to the Court by 3 pm that day if no agreement can be had here. We can make ourselves available for a call before then if helpful.

Best,

Tom


Thomas R. McCarthy

Consovoy McCarthy PLLC
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
703.243.9423 (work)
www.consovoymccarthy.com



[Quoted text hidden]