# Exhibit C



Gabe Anderson <gabe@consovoymccarthy.com>

## SFFA v. USNA: Discovery Conditions & Schedule

**Gardner, Joshua E (CIV)** <Joshua.E.Gardner@usdoj.gov>  Sun, Dec 17, 2023 at 10:15 AM
To: Thomas McCarthy <tom@consovoymccarthy.com>
Cc: "Mendez, Chris E. (CIV)" <Chris.E.Mendez@usdoj.gov>, "Robinson, John J. (CIV)" <John.J.Robinson@usdoj.gov>, Patrick Strawbridge <patrick@consovoymccarthy.com>, Mike Connolly <mike@consovoymccarthy.com>, Cam Norris <cam@consovoymccarthy.com>, Bryan Weir <bryan@consovoymccarthy.com>, James Hasson <james@consovoymccarthy.com>, Gabe Anderson <gabe@consovoymccarthy.com>, Adam Mortara <mortara@lawfairllc.com>, "Gargeya, Medha (CIV)" <Medha.Gargeya@usdoj.gov>, "Yang, Catherine M (CIV)" <Catherine.M.Yang@usdoj.gov>

Tom:

Thank you for your email.  I will address your points in the order you address them:

- In terms of the scope of discovery, it isn't apparent to me precisely what limitations you find objectionable.  As for the limit on deposition hours, as you may be aware, Judge Bennett's default deposition limit is 30 hours.  We have proposed 40 hours, exclusive of any Rule 26(a)(2)(B) experts.  Given that you have extensive declarations from many of the government's witness, it is not apparent why this deposition proposal is not sufficient to meet your discovery needs.  This is particularly true given that the parties have agreed to a trial date in nine months.  That substantially shortened discovery period requires at least some trimming of the defaults under the Federal Rules.  And this proposal does not bar you from taking 10 fact depositions, it simply limits the overall number of hours to ensure that the parties take efficient discovery and to accommodate the extremely expedited pretrial and trial schedule.  In addition, the proposed movement of the commencement of discovery until January 2 is simply a function of the fact that there will be virtually no one at the client agencies during the last two weeks of December, and many members of the trial team—including myself—will be on leave during this time.  Accordingly, there is no point in starting discovery before January 2, and we do not think this modest pushback by two weeks will impact either the discovery or trial schedule.  If there are specific aspects of the discovery proposal that are of concern to you, please specify those and we are happy to discuss.

- I am not entirely clear I understand your objection to the deadlines for motions to dismiss and motions for summary judgment.   We are not intending to request a stay of discovery during the pendency of the motions (if we do decide to file them).  And, if you can indicate now the nature of your amended complaint, it is entirely possible we may decide to forgo a motion to dismiss.  But we do not see how filing these motions would delay, or even impact, discovery.  And while there may be a number of facts in this case, that does not necessarily mean there will be a genuine dispute of those facts such that summary judgment is inappropriate.  We do not see how keeping that optionality in the schedule would delay anything.  Happy to discuss this further with you.

- With respect to admissions data and custodial data, I appreciate that this information is largely in our hands.  Which is precisely why I suggest we have a discussion, like parties typically have in the context of the Rule 26(f) meeting of counsel, so that we can understand with specificity what data you

want so that we can discuss with our clients how long it will take to collect and reproduce that information, as well as any logistical issues that might exist.  Once again, happy to discuss.

- Our proposal about parallel tracks is not intended to delay proceedings in this case.  Rather, the attempt is to avoid duplicative discovery given the largely overlapping nature of the evidence and claims.  This approach to coordinate depositions and other discovery between similar lawsuits was adopted by the parties in a number of cases, including cases in the District of Maryland, in the Census Citizenship litigation, as well as the challenge to the recission of DACA, just to name two examples.  That coordination did not slow the pace of discovery in those circumstances (in fact, it likely expedited proceedings), and we would not expect it to do so here.

- The modest pushback of the deadlines for post-trial briefing was informed by my experience that trial transcripts often take a few weeks to prepare, and there is no point in post-trial briefing without the final transcripts.  If you have suggestions on how to address that practical concern, I am happy to consider it.

- As I said up front, I am more than happy to discuss the scope of custodians and admissions data, as parties would typically do at the beginning of any litigation in the context of the Rule 26(f) meeting of counsel.

- One possible approach we could take is to identify for the Court on Monday the deadlines the parties do agree to and note that we will provide the Court a more detailed schedule later this week.  This would allow the parties to try and work out a mutually agreeable schedule in the first instance (or at least to better understand the areas of disagreement) rather than forcing the Court to decide these issues in the first instance.  I imagine the Court might appreciate that.

Although I am unavailable today, I am available before 11 am on Monday to talk.

[Quoted text hidden]