UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **Chambers of** | **U.S. Courthouse Chambers 5D** |
| **Richard D. Bennett** | **101 W. Lombard Street** |
| **United States District Judge** | **Baltimore, MD 21201** |
| **Northern Division** | **Tel: 410-962-3190** |
| | **Fax: 410-962-3177** |

April 11, 2024

TO COUNSEL OF RECORD

RE: *Students for Fair Admissions v. The United States Naval Academy, et al.*
     Civil No. RDB-23-2699

Dear Counsel:

This Letter Order will confirm the off the record telephone conference held today, April 11, 2024, with respect to the above-captioned case. This telephone conference addressed: (1) the parties' discovery dispute, *see* Exhibits 1 and 2; and (2) the Plaintiff's disputed Motion to Amend the Schedule (ECF No. 68). The Court's findings are memorialized below, and any objection thereto by either side is preserved for appeal.

### I.     The Parties' Discovery Dispute

Students for Fair Admissions ("SFFA") seeks this Court's intervention concerning (1) Defendants' objection to producing individual-level performance data and (2) Defendants' assertion of the deliberative process privilege ("DPP") over nine documents. *See* Exhibits 1 and 2.

### A. Individual-Level Performance Data

Plaintiff requests the production of individualized performance and matriculation data. *See* Exhibit 1. Defendants have refused to produce this data, contending the data (1) is irrelevant, (2) is cumulative of information Defendants have already produced, and (3) would be extraordinarily burdensome to produce. *See* Exhibit 2. Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery regarding any nonprivileged matter that is relevant to that party's claim or defense and is proportional to the needs of the case. While Plaintiff insists that it must have individual data to determine whether Defendants race-based admissions practices further USNA's asserted compelling interests and contend that the aggregate data provided by Defendants is "insufficient," *see* Exhibit 1, SFFA has not articulated why individual-level performance data is relevant or proportional to the needs of this case. Accordingly, this Court will not require production of individual-level performance data.

### B. Deliberative Process Privilege

Second, the parties dispute Defendants' assertion of the deliberative process privilege ("DPP") over nine documents—six relating to Defendants' analyses of the use of college entrance exams (Log Numbers 2, 5, 7–10), and three containing draft correspondence (Log Numbers 12, 16, 17).

Deliberative process privilege is "a form of executive privilege." *U.S. Fish and Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785 (2021). DPP applies to "documents reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Material only qualifies for the privilege if it is (1) "predecisional"; and (2) "deliberative." *Sierra Club*, 141 S. Ct. at 785–86. "Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are 'deliberative' if they were prepared to help the agency formulate its position." *Id.* at 786. The privilege does not protect materials that "simply state or explain a decision the government has already made or protect material that is purely factual, unless the material is so inextricably intertwined with the deliberative sections of documents that its disclosure would inevitably reveal the government's deliberations." *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997). "The deliberative process privilege is a qualified privilege and can be overcome by a sufficient showing of need." *Id.* Courts evaluate need "flexibly on a case-by-case, ad hoc basis." *Id.* Courts consider factors such as relevance, "the availability of other evidence, the seriousness of the litigation, the role of the government, and the possibility of future timidity by government employees." *Id.* at 737–38 (quotation marks omitted).

With respect to the six documents pertaining to Defendants' analyses of the college entrance exams (Log Numbers 2, 5, 7–10), this Court finds that the documents are relevant and do not fall within the ambit of the privilege. As such, this Court **ORDERS** the production of such documents (Log Numbers 2, 5, 7–10).

With respect to the three documents pertaining to Defendants' draft correspondence to the House Armed Services Committee (Log Numbers 12, 16) and a former member of Congress (Log Number 17), this Court finds that these three documents (Log Numbers 12, 16, 17) are within the ambit of the privilege. As such, this Court will not require production.

### II. The Parties' Dispute Over Amending the Schedule

Through its Motion to Amend the Schedule (ECF No. 68), SFFA seeks to modify the pretrial and trial schedule such that the bench trial in this matter would occur in November 2024. While Defendants do not oppose a reasonable enlargement of the deadlines and certain other pretrial deadlines, they oppose moving the trial date beyond September 2024. (ECF No. 69.) Having reviewed the parties submissions (ECF Nos. 68, 69, 70) and having discussed the filings with the parties, it is hereby **ORDERED** that the following schedule **SHALL** govern the case:

|  | **Previous Schedule (ECF No. 61)** | **Amended Schedule** |
|---|---|---|
| **Opening expert report** | May 10, 2024 | July 15, 2024 |
| **Rebuttal expert reports** | May 31, 2024 | July 31, 2024 |
| **Close of discovery** | July 12, 2024 | For fact discovery: August 14, 2024<br><br>For expert depositions: August 21, 2024 |
| **Rule 26(a)(3) disclosures** | July 19, 2024 | August 14, 2024 |
| **Motions in limine, Rule 26(a)(3) objections, deposition counter-designations** | July 26, 2024 | August 21, 2024 |
| **Opposition to motions in limine** | August 5, 2024 | August 28, 2024 |
| **Pretrial conference/motion in limine hearing** | August 23, 2024 | September 5, 2024 at 10:00 AM |
| **Bench trial** | September 9–20, 2024 | September 16–27, 2024 |

As such, Plaintiff's Motion to Amend the Schedule (ECF No. 68) is **DENIED AS MOOT**.

      Although informal in format, this letter nonetheless constitutes an Order of Court and the Clerk is directed to docket it as such.

                                                              Sincerely,

                                                               Richard D. Bennett
                                                               United States District Judge

RDB