UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**Chambers of**　　　　　　　　　　　　　　　　　　　　　　　　　U.S. Courthouse Chambers 5D
**Richard D. Bennett**　　　　　　　　　　　　　　　　　　　　　　101 W. Lombard Street
**United States District Judge**　　　　　　　　　　　　　　　　　Baltimore, MD 21201
**Northern Division**　　　　　　　　　　　　　　　　　　　　　　Tel: 410-962-3190
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: 410-962-3177

August 15, 2024

TO COUNSEL OF RECORD

RE: *Students for Fair Admissions v. The United States Naval Academy, et al.*
　　Civil No. RDB-23-2699

Dear Counsel:

This Letter Order will confirm the off the record telephone conference held today, August 15, 2024, with respect to the above-captioned case. This telephone conference addressed: (1) the parties' discovery dispute, *see* Exhibits 1 and 2; and (2) the Notice filed by Plaintiff on August 13, 2024 (ECF No. 72). The Court's findings are memorialized below, and any objection thereto by either side is preserved for appeal.

## I.　　The Parties' Discovery Dispute

Students for Fair Admissions ("SFFA") seeks this Court's intervention concerning the August 8, 2024 deposition of Captain (SEAL) Jason Birch ("CAPT Birch"), whom Defendants intend to offer at trial as a fact witness pursuant to Fed. R. Evid. 602, describing instances in which his racial diversity impacted his service. During his deposition, CAPT Birch referenced several servicemembers who had engaged in, or had been victims of, racial discrimination, but refused to disclose such servicemembers' identities, or, in some instances, did not recall the identities of the individuals involved. SFFA seeks to compel (1) two additional hours of deposition testimony from CAPT Birch and (2) sworn testimony in response to the questions that he refused to answer during his deposition. In turn, Defendants ask the Court to enter a protective order preventing the disclosure of this discrete information pursuant to Fed. R. Civ. P. 26(c)(1)(D).

As noted during the telephone conference, the Court DENIES SFFA's Motion insofar as it seeks to compel two additional hours of deposition testimony from CAPT Birch and sworn testimony in response to the questions that he refused to answer during his deposition, subject to one caveat: counsel for Defendants should inquire as to whether the incident described on page 53 of the August 8, 2024 deposition transcript submitted to the Court was memorialized in any informal or formal record. Counsel for Defendants should advise Plaintiff's counsel of their findings no later than Thursday, August 22, 2024.

## II.   The Notice (ECF No. 72)

On July 24, 2024, Plaintiff filed a motion to compel in the U.S. District Court for the District of Columbia, seeking to require the United States Coast Guard ("Coast Guard") to comply with a subpoena served in the District of Columbia that seeks documents relevant to this case. (ECF No. 72 at 4–127.) In brief, SFFA seeks to compel the Coast Guard—a non-party to the instant litigation—to produce information related to the Coast Guard's prior use of race in its admissions process, as well as statistical data about minority representation on the United States Coast Guard Academy's campus. (*Id.*) In response, the Coast Guard contends that SFFA is seeking "irrelevant, unduly burdensome discovery, across a period of more than ten years, from a non-party to the litigation, about the United States Coast Guard Academy—a different service academy under a different Executive Department that employs a different admissions process," and further notes that SFFA seeks such "irrelevant, unduly burdensome third-party information when discovery closes and trial exhibit lists are due in less than two weeks, motions *in limine* are due in less than three weeks, and trial begins in a mere six weeks." (*Id.* at 128–55.) On August 7, 2024, two days after SFFA filed its reply, (*id.* at 156–85), U.S. District Court Judge Dabney L. Friedrich of the U.S. District Court for the District of Columbia issued an order transferring the motion to compel to this Court, and that transfer is scheduled to occur by August 17, 2024. (*Id.* at 186–88.) SFFA filed a "Notice of Recent Decision" with this Court on Tuesday, August 13, 2024. (ECF No. 72.)

While the transfer of *In re Motion to Compel Compliance with Subpoena Directed to the United States Coast Guard*, Case No. 1:24-mc-00092-DLF to this Court has not yet occurred, counsel for Plaintiff advised the Court that SFFA withdraws its Motion to Compel Production of Documents directed to the United States Coast Guard. Accordingly, once the transfer occurs, the Court will docket an Order striking the motion to compel as withdrawn. Even if SFFA did not withdraw its motion, the Court finds it prudent to note its inclination to deny the motion to compel in light of SFFA's delay in pursuing the non-party subpoena, as granting the motion at this stage would inevitably disrupt the September 16, 2024 trial date in this matter and impose significant burden on a non-party to the instant litigation.

Although informal in format, this letter nonetheless constitutes an Order of Court and the Clerk is directed to docket it as such.

Sincerely,

*Richard D. Bennett*
Richard D. Bennett
United States District Judge

RDB