# EXHIBIT 1



1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

August 14, 2024

**VIA EMAIL**
Honorable Richard D. Bennett

>   Re:   Captain (SEAL) Jason Birch's August 8, 2024, Deposition

Dear Judge Bennett:

Per the Court's order, SFFA moves to compel (1) two additional hours of deposition testimony from Captain (SEAL) Jason Birch ("Capt. Birch"); and (2) Capt. Birch's sworn testimony in response to the questions he refused to answer during his August 8, 2024, deposition.

*Capt. Birch's August 8, 2024, Deposition*

Capt. Birch serves as Third Battalion Officer with the USNA and serves on the Academy's Admissions Board. Def. 2nd Supp. Discl. at 1. USNA disclosed Capt. Birch as a fact witness "likely to have discoverable information concerning his *personal experiences* regarding the importance of diversity, including racial and ethnic diversity, in the Navy's officer corps." *Id.* (emphasis added). SFFA requested Capt. Birch's deposition on May 31; on June 24, Navy finally offered him as being available on August 8.

SFFA took Capt. Birch's deposition on that date. During his deposition, Capt. Birch offered general opinions about the importance of diversity in the officer corps. He also testified about the downsides of "undiverse" teams and racism that he and his subordinates allegedly endured. *See, e.g.* Birch Dep. Tr. Aug. 8, 2024, at 126:6-127:1.

But when counsel for SFFA probed Capt. Birch's allegations for specifics and asked Capt. Birch to identify the individuals who were allegedly responsible for, or witnesses to, the behavior he described, Capt. Birch repeatedly refused to answer. *See, e.g.*, *id.* at 132:3-133:5; 133:19-134:9; 136:6-138:19. All in all, Capt. Birch refused—at least a dozen times—to identify any of the specific individuals whose actions he testified about. This refusal included the "senior SEAL captain" and "senior enlisted leader" implicated by Capt. Birch's *public* accusations of racism. *See, e.g.* Birch Dep. Ex. 2 at 1 (a U.S. Naval Institute article Capt. Birch authored alleging "[b]igoted insults and overt racism" by a "senior SEAL captain," and "senior enlisted leader," amongst other things). USNA counsel has indicated that USNA will offer these anecdotal experiences as affirmative testimony at trial.

For whatever probative value Capt. Birch's experience offers, SFFA should be able to cross-examine him without resistance that finds no basis in the Federal Rules. Capt. Birch's reluctance to name names is perhaps understandable, and he is not a lawyer. But USNA counsel's violation of the rules of this Circuit and refusal to instruct Capt. Birch to answer, coupled with counsel's refusal to agree not to offer these anecdotes as evidence (SFFA offered such an agreement), forces this motion.

*Capt. Birch May Not Refuse to Answer Deposition Questions Absent Circumstances Not Present Here*

*First*, it is well settled that "[t]he rule in this Circuit with respect to deposition proceedings is clear—deposition questions must be answered, even if objection is made, unless a claim of evidentiary privilege is raised." *Alexander v. Cannon Mills Co.*, 112 F.R.D. 404, 405 (M.D.N.C. 1986) (citing *Ralston Purina Co. v. McFarland*, 550 F.2d 967 (4th Cir. 1977)). "A deponent not relying upon a claim of evidentiary privilege must answer deposition questions or affirmatively act under Rule 30(d), Fed. R. Civ. P., to move to terminate or limit the examination." *Id.* at 405-06 (citing *Ralston Purina Co.* 550 F.2d at 973-74); *see also Trustees of IUPAT Dist. Council No. 51 Health & Welfare Fund v. DeWayne Custom Painting, Inc.*, 2009 WL 10737185, at *8 (D. Md. Feb. 2, 2009) ("[A] deponent may only refuse to answer questions propounded

to preserve a privilege, to enforce a court-ordered limitation of the scope of discovery, or to move under Fed. R. Civ. P. 30(d)(3)."). Similarly, the Fourth Circuit has explained that "[c]ounsel for party ha[s] no right to impose silence or instruct witnesses not to answer and if he believed questions to be without scope of orders he should have done nothing more than state his objections." *Ralston Purina Co.*, 550 F.2d at 973 (internal quotations omitted) (citing Wright & Miller, Federal Practice and Procedure: Civil § 2113 at 419, n.22 (1970)).

Put simply, USNA counsel had no basis to allow Capt. Birch to refuse to answer. There is no "confidentiality" privilege in this Circuit, nor a rule against asking questions the other side does not believe are "relevant." Even if SFFA's questions were "irrelevant"—they were not, assuming Capt. Birch is allowed to testify at all—"they should have been answered, subject to objection, or the deponents should have moved to terminate the examination." *Alexander*, 112 F.R.D. at 406 (citing *Ralston Purina Co.*, 550 F.2d 967). Instead, Capt. Birch refused, and USNA's counsel affirmatively encouraged Capt. Birch's non-compliance with basic Rules of Civil Procedure.[1] Capt. Birch and USNA have no leg to stand on, and this motion should be granted on these clear Rules violations alone.

*SFFA's Questions Are Relevant Inasmuch as His Anecdotes Are*

*Second*, the "questions put to [Capt. Birch] were germane to the subject matter of the pending action and therefore properly within the scope of discovery. They should have been answered." *Ralston Purina Co.*, 550 F.2d at 973. USNA's own disclosures make clear USNA believes Capt. Birch's "personal experiences" regarding "the importance of diversity, including racial and ethnic diversity, in the Navy's officer corps," are relevant to this case. Def. 2nd Supp. Discl. at 1. And counsel's questions addressed the examples Capt. Birch had not only already testified about but published publicly.

Indeed, to the extent Capt. Birch intends to offer *any* testimony about the downsides of "undiverse" teams, "racism" he or subordinates have experienced, or any other such "personal experiences" about the importance of diversity in the Navy, SFFA is entitled to test the accuracy and details of those claims. SFFA cannot do so without Capt. Birch's complete, accurate testimony, to include the names of those responsible for the behavior he alleged. *See Boyd v. University of Maryland Medical System*, 173 F.R.D. 143, 148 (D. Md. 1997) ("[I]t does not require Napoleonic insight to conclude that the questions posed to [Capt. Birch] . . . were highly relevant . . . [and] could well lead to the discovery of facts which could be used to impeach [Capt. Birch's] credibility at trial."). Perhaps others do not recall these events the way Capt. Birch does. As such, SFFA respectfully requests that the Court grant this motion.

Sincerely,

/s/ Thomas McCarthy
Thomas McCarthy

*Counsel for Plaintiff Students for Fair Admissions*

---

[1] Rather than encourage his witness to comply with the Rules, Mr. Mendez (counsel for USNA) said, amongst other things, "[a]t this point you're getting close to harassing the witness," "I don't see why other names of Navy Seals [sic] who are not involved in this case are relevant to this case," and "[i]f you have any concern, we can handle that after the deposition." Birch Dep. Tr. Aug. 8, 2024, at 121:20-21; 122:4-6; 123:3-4. Those admonitions amount to an instruction to Capt. Birch not to answer the questions or, more accurately, a failure to instruct a lay witness that the Rules require him to answer.