# EXHIBIT 2



**U.S. Department of Justice**  
Civil Division

Medha Gargeya  
Tel: (202) 320-0188  
medha.gargeya@usdoj.gov

---

August 14, 2024

The Honorable Richard D. Bennett  
United States District Court for the District of Maryland  
101 W. Lombard Street  
Baltimore, Maryland 21201

      Re:    *SFFA v. The United States Naval Academy*, No. 1:23-cv-02699 (D. Md.)

Judge Bennett:

      Last Thursday, CAPT Jason Birch—Third Battalion Officer at the United States Naval Academy ("USNA") and former member of SEAL Teams 2, 4, 8, and 10—testified as a percipient fact witness pursuant to Federal Rule of Evidence 602, describing instances in which his racial diversity impacted his service. During his deposition, CAPT Birch, a Black officer, answered numerous questions about his experiences at the Naval Academy, as a senior officer of SEAL Team 8, and as a former commander of SEAL Team 10. In response to questions by Plaintiff's counsel, he referenced several servicemembers who had engaged in, or had been victims of, racial discrimination. CAPT Birch, however, refrained from disclosing the identities of those servicemembers to protect their privacy and to shield them from potential harms that could stem from disclosure, including harassment and retaliation (and, in certain circumstances, for operational security reasons, *see* 10 U.S.C. § 130(b)). Plaintiff now seeks to compel CAPT Birch to disclose the identities of those referenced servicemembers and others. Plaintiff, however, offers no valid reason for this information, no reason to question the veracity of CAPT Birch's representations, and no reason to suspect that his testimony—which was under oath—was inaccurate. Plaintiff thus cannot establish that the benefits of disclosure here would outweigh the harms. *See Alexander v. Cannon Mills Co.*, 112 F.R.D. 404, 406 (M.D.N.C. 1986) ("the court should balance the interests of the parties when confidential information is sought from non-parties"). The Court should deny Plaintiff's motion to compel and enter a protective order preventing the disclosure of this discrete information. *See* Fed. R. Civ. P. 26(c)(1)(D) (forbidding discovery into certain matters to prevent "annoyance, embarrassment, oppression, or undue burden or expense").

      During the deposition, Plaintiff's counsel asked for the precise identity of servicemembers referenced in CAPT Birch's testimony.[1] Although counsel for Defendants did not instruct CAPT

---

[1] Specifically, Plaintiff asked for the name(s) of (1) a Black enlisted member who was the victim of racial caricatures and epithets in a biography put up in a team locker room and who told CAPT Birch that he would not have reported the issue without CAPT Birch serving in a senior leadership role for SEAL Team 8; (2) those in the enlisted member's chain of command; (3) the perpetrator of this incident; (4) Somalian leaders who respected CAPT Birch as a Black SEAL Commander; (5) midshipmen and other servicemembers mentored by CAPT Birch; (6) servicemembers who felt racial diversity improved command climate; (7) servicemembers who have exhibited racist behavior towards CAPT Birch and other servicemembers (including one who engaged in racially-motivated hazing); (8) servicemembers, particularly those in the Special Operations community, who have expressed concern to CAPT Birch regarding racially-discriminatory behavior; (9) individuals—two who expressed racist views and two who were supporters of CAPT Birch— cited by CAPT Birch in an article published by the U.S. Naval Institute titled "Remain Optimistic About Racial and Gender Progress," *see* Ex. A; (10) servicemembers that CAPT Birch is aware have expressed racist views; (11) a servicemember who retired, in

1

Birch not to disclose this information, CAPT Birch nevertheless did not provide this information because he was concerned with (1) violating his position of trust as a senior member of the chain-of-command, member of the Special Operations community, and mentor to midshipman; (2) publicly outing those with racially-discriminatory views or those who have engaged in racially-discriminatory behavior (particularly those in senior leadership positions); and (3) bringing other non-parties into this matter without their consent.  He did not refuse to provide any other information, in fact disclosing the names of high-level, public figures when relevant.  Birch Dep. (Ex. B) at 150:12-19.  Plaintiff fails to provide any credible reasons for needing the identities of these individuals.  Pursuing this information is invasive, harassing, and could dissuade reporting of discrimination and put servicemembers in danger of retaliation.

Plaintiff's demand lacks any meaningful relevance concerning CAPT Birch's testimony.  CAPT Birch offers testimony as a percipient fact witness under FRE 602.  A percipient fact witness is not required to provide bases for their experiences to be admissible.  *See United States v. Smith*, 919 F.3d 825, 838–39 (4th Cir. 2019) (differentiating between expert and fact witness roles).  Regardless, Plaintiff has no reason to think CAPT Birch's examples were deceitful.  He swore under oath.  *See* Ex. B. at 6:3-6:6, 8:15-8:21.  He explained why he would not offer the requested names.  *Id.* at 114:18-115:9, 123:9-19, 133:9-19, 137:21-138:14, 150:5-9, 172:5-172:13.  He provided testimony about specific conversations while using aliases.  *Id.* at 115:13-118:21.  The names Plaintiff seeks—which could total hundreds given CAPT Birch's myriad assignments over decades of service—are ultimately immaterial to CAPT Birch's compelling examples of the importance of diversity in the Navy's officer corps.  Plaintiff's inquiry appears designed simply to embarrass, intimidate, and unduly burden CAPT Birch.

Plaintiff fails to address the relevant considerations at issue here.  Courts are especially inclined to shield the identities of persons from disclosure when necessary "to preserve privacy in a matter of sensitive and highly personal nature" and when "identification poses a risk of retaliatory physical or mental harm to . . . innocent non-parties."  *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *see also Farnsworth v. Proctor and Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (where the court took note of highly personal nature of data sought—names of women in medical study—and how disclosure of names could damage voluntary reporting when ultimately ruling to keep participants' names confidential).  Indeed, a deponent's claim of confidentiality must be balanced against the other party's need for information, and the test here weighs heavily in favor of not disclosing the hundreds of names sought by Plaintiff.  CAPT Birch seeks to protect the names of special operators in the military, whose identities, assignments, and lives are confidential for the sake of national security.  *See* § 130(b).  What is more, he seeks to protect the names of young midshipmen and servicemembers with whom he had a protected relationship as a mentor and in their chain of command.  The Court should deny Plaintiff's motion to compel the names of the individuals referenced by CAPT Birch in his testimony and grant Defendants' motion for a protective order.

                                                          Sincerely,

                                                          */s/ Medha Gargeya*
                                                          Medha Gargeya
                                                          Counsel

---

part, due to lack of racial diversity; (12) individuals who questioned whether CAPT Birch's rank and position was achieved because of his race; and (13) anyone who joined the Navy because of the existence of racial diversity.