# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DIRECTED TO THE UNITED STATES COAST GUARD | No. 1:24-mc-00092-DLF |

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, <br><br> *Plaintiff,* <br><br> v. <br><br> THE UNITED STATES NAVAL ACADEMY, *et al.*, <br><br> *Defendants.* | District of Maryland <br> No. 1:23-cv-02699-RDB |

**DECLARATION OF BRIAN JUDGE**

I, Brian Judge, hereby state and declare as follows:

1.    I am the Chief, Office of Claims and Litigation, at the United States Coast Guard. I have held this position for over ten years. As the Chief, Office of Claims and Litigation, I am authorized to make determinations concerning the testimony of Coast Guard employees or the production of documents in connection with litigation in which the Coast Guard is not a party pursuant to 6 C.F.R. § 5.44.

2.    On Monday, June 10, 2024, I received a subpoena from Students for Fair Admissions (SFFA) dated Friday, June 7, 2024. *See* Dkt. No. 1-2, Ex. C. Because this was a subpoena in connection with litigation in which the Coast Guard is not a party, I treated the subpoena as a request under the Department of Homeland Security's *Touhy* regulations found at 6 C.F.R. Part 5. After reviewing the subpoena, I determined that the Coast Guard unit

most likely to possess responsive documents was the United States Coast Guard Academy. I
consulted with colleagues at the Coast Guard Academy to determine the burden of
responding to this subpoena and the likelihood that we would be able to find any responsive
documents. Using that information and my knowledge of the Coast Guard's organizational
structure and records management practices, I applied the factors found at 6 C.F.R. § 5.48
and determined that complying with the subpoena would present an undue burden to the
Coast Guard. I explained this decision in a letter to SFFA dated June 18, 2024, which I sent
to counsel for SFFA via email on the same date. Dkt. No. 1-2, Ex. D. The letter also
contained the Coast Guard's Rule 45 objections to the subpoena, including both to the lack of
relevance and the undue burden.

3.      I did not receive any response to my June 18, 2024 letter.

4.      On June 26, 2024, SFFA served a second, successive subpoena on the Coast
Guard. Dkt. No. 1-2, Ex. A. There was no cover letter, or any communication that
responded to my June 18, 2024, letter. I reviewed this subpoena and determined that it was
substantively unchanged from the first subpoena except for three changes: (1) a change in
the definition of You (which still included not just the Coast Guard Academy, but all of Coast
Guard Headquarters); (2) withdrawal of one category of requests; and (3) the removal of an
instruction which required the Coast Guard to continue to supplement its responses until the
date of the trial (which was insignificant because the trial date is September 16, 2024). The
subpoena also changed the location for producing documents from SFFA's counsel's offices
in Virginia to a hotel lobby in the District of Columbia.

5.      Although the second subpoena again did not comply with the requirements of our
*Touhy* regulations, I again considered it under those regulations, applied the applicable

factors, and determined that the minor changes did not address my concerns with the earlier subpoena. I detailed my explanation, along with the Coast Guard's Rule 45 objections to relevance and undue burden, in a July 10, 2024, letter which I sent to SFFA's counsel by e-mail that same day. Dkt. No. 1-2, Ex. B.

6.     On Friday, July 12, 2024, I received an e-mail from SFFA's counsel stating they intended to file a motion to compel and stating, "Please advise on whether the Coast Guard will oppose and if there are any opportunities to narrow the areas of disagreement." I responded: "I'm not capable of determining whether there are any opportunities to narrow areas of disagreement since you haven't responded to either letter. I'm happy to discuss if you have any such response or have any suggestions for narrowing your requests." Exhibit A.

7.     I received no response to my July 15, 2024, e-mail. On July 24, 2024, I received a call from Michael Connelly, one of the attorneys representing SFFA, who informed me that they would be filing a motion to compel that day. After informing me they would be filing the motion to compel, he informed me that he had no response to my July 12, 2024, e-mail, because he felt we were at an impasse despite any attempt by SFFA to narrow the areas of disagreement. The entire conversation took approximately one minute and thirty-seven seconds.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 1st, 2024 in Washington, DC.


_____
Brian Judge
Chief, Office of Claims and Litigation
U.S. Coast Guard

EXHIBIT A

**Judge, Brian M CIV (USA)**

| | |
|---|---|
| **From:** | Judge, Brian M CIV (USA) |
| **Sent:** | Monday, July 15, 2024 2:55 PM |
| **To:** | Brandon Haase |
| **Cc:** | Michael Connolly; Thomas McCarthy; Cam Norris; Joshua.E.Gardner@usdoj.gov |
| **Subject:** | RE: [Non-DoD Source] Motion to Compel Subpoena // Seeking USCG's Position |
| **Signed By:** | brian.judge@uscg.mil |

Brandon,

Thanks for reaching out to me about your subpoenas.

As discussed in my letters, your subpoenas are governed by the Department of Homeland Security's Touhy regulations found at 6 C.F.R. Part 5. I'm not capable of determining whether there are any opportunities to narrow areas of disagreement since you haven't responded to either letter. I'm happy to discuss if you have any such response or have any suggestions for narrowing your requests. Otherwise, if you simply file a motion to compel the Coast Guard would object to any such motion.

v/r,

Brian

**From:** Brandon Haase <brandon@consovoymccarthy.com>
**Sent:** Friday, July 12, 2024 9:29 AM
**To:** Judge, Brian M CIV (USA) <Brian.Judge@uscg.mil>
**Cc:** Michael Connolly <mike@consovoymccarthy.com>; Thomas McCarthy <tom@consovoymccarthy.com>; Cam Norris <cam@consovoymccarthy.com>; Joshua.E.Gardner@usdoj.gov
**Subject:** [Non-DoD Source] Motion to Compel Subpoena // Seeking USCG's Position

Dear Mr. Judge,

We received the Coast Guard's objections to our subpoena dated June 26, 2024. Per the D.C. District's local civil rule 7(m), we are notifying you that we intend to file a motion to compel the Coast Guard's response. Please advise on whether the Coast Guard will oppose and if there are any opportunities to narrow the areas of disagreement.

Regards,


--
Brandon M. Haase
**Consovoy McCarthy PLLC**
1600 Wilson Boulevard, Ste. 700
Arlington, VA 22209
(703) 243-9423
www.consovoymccarthy.com