UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DIRECTED TO THE UNITED STATES COAST GUARD | No. 1:24-mc-00092-DLF |
| STUDENTS FOR FAIR ADMISSIONS,<br><br>         *Plaintiff*,<br><br>V.<br><br>THE UNITED STATES NAVAL ACADEMY, *et al.*,<br><br>         *Defendants*. | Related Case:<br>No. 1:23-cv-02699<br>(District of Maryland) |

**REPLY IN SUPPORT OF**
**MOTION TO COMPEL COMPLIANCE WITH A SUBPOENA**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 2

    I.    This Court should decide the motion. ................................................................................ 2

    II.    SFFA narrowed the subpoena, and further conferral was pointless. ............................... 5

    III.    SFFA did not delay in bringing this motion. ................................................................... 6

    IV.    The documents that SFFA seeks are relevant and do not unduly burden the Coast Guard. ...................................................................................................................... 7

CONCLUSION ............................................................................................................................ 10

**TABLE OF AUTHORITIES**

**Cases**

*Alberts v. HCA Inc.*,
   405 B.R. 498 (D.D.C. 2009) .................................................................................................... 5

*Bogard Constr. Inc. v. Oil Price Info. Serv., LLC*,
   No. 21-cv-3005, 2022 WL 1213307 (D. Md. Apr. 25, 2022) .................................................. 3

*CFA Inst. v. Am. Soc'y of Pension Pros. & Actuaries*,
   No. 20-mc-18, 2020 WL 1695050 (D.D.C. Apr. 7, 2020) ...................................................... 4

*COMSAT Corp. v. Nat'l Sci. Found.*,
   190 F.3d 269 (4th Cir. 1999) ................................................................................................... 4

*Crete Carrier Corp. v. Sullivan & Sons, Inc.*,
   No. 21-cv-328, 2022 WL 1203652 (D. Md. Apr. 21, 2022) ................................................ 5, 6

*Dag Enters., Inc. v. Exxon Mobil Corp.*,
   226 F.R.D. 95 (D.D.C. 2005) ................................................................................................... 6

*Dell Inc. v. DeCosta*,
   233 F. Supp. 3d 1 (D.D.C. 2017) ............................................................................................. 9

*Fisher v. Univ. of Tex. at Austin*,
   570 U.S. 297 (2013) ................................................................................................................. 2

*GFL Advantage Fund, Ltd. v. Colkitt*,
   216 F.R.D. 189 (D.D.C. 2003) ................................................................................................. 5

*Ghawanmeh v. Islamic Saudi Acad.*,
   268 F.R.D. 108 (D.D.C. 2010) ................................................................................................. 6

*Grutter v. Bollinger*,
   539 U.S. 306 (2003) ................................................................................................................. 7

*Honeywell Int'l Inc. v. Law Offices of Peter T. Nicholl*,
   No. 21-mc-151, 2022 WL 43494 (D.D.C. Jan. 5, 2022) .......................................................... 3

*Hood v. City of Chicago*,
   No. 19-mc-123, 2019 WL 5295169 (D.D.C. Oct. 18, 2019) ................................................... 4

*HT S.R.L. v. Velasco*,
   No. 15-mc-664, 2015 WL 13759884 (D.D.C. Nov. 13, 2015) ................................................ 3

*Ike-Ezunagu v. Deco, Inc.*,
   No. 9-cv-526, 2010 WL 4822511 (D. Md. Nov. 22, 2010) ..................................................... 6

*In re Subpoena to Nat'l Acad. of Scis.*,
   No. 24-mc-59, 2024 WL 3370249 (D.D.C. July 10, 2024) ..................................................... 3

*In re Subpoena to Nat'l Telecomms. & Info. Admin.*,
   No. 19-mc-40 (D.D.C.) ........................................................................................................ 2, 4

*Johnson v. ACB Ideas, LLC*,
   No. 23-cv-2944, 2024 WL 3225994 (D.D.C. June 28, 2024) .................................................. 6

*Kriebel v. Life Ins. Co. of N. Am.*,
   No. 15-cv-151, 2015 WL 11347968 (D.D.C. Oct. 14, 2015) ................................................... 6

*Nasreen v. Capitol Petrol. Grp., LLC*,
   340 F.R.D. 489 (D.D.C. 2022) ................................................................................................ 5

*SFFA v. USMA*,
   144 S. Ct. 716 (2024) ............................................................................................................. 2

*SFFA v. USNA*,
   No. 23-cv-2699 (D. Md.) ........................................................................................................ 3

*Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*,
   600 U.S. 181 (2023) ........................................................................................................... 1, 7

*Texas v. Holder*,
   No. 12-cv-128, 2012 WL 13070110 (D.D.C. June 8, 2012) .................................................. 6

*United States v. All Assets*,
   202 F. Supp. 3d 1 (D.D.C. 2016) ........................................................................................... 5

*US Dominion Inc. v. My Pillow Inc.*,
   No. 21-cv-445, 2024 WL 2880425 (D.D.C. June 7, 2024) .................................................... 7

*Watts v. SEC*,
   482 F.3d 501 (D.C. Cir. 2007) ............................................................................................... 4

*XY, LLC v. Trans Ova Genetics*,
   307 F.R.D. 10 (D.D.C. 2014) ................................................................................................. 4

**Other Authorities**

9 James Wm. Moore et al., Moore's Fed. Prac. §45.05 (3d ed. 2006) ........................................... 4

Hearing Transcript, Subcommittee on Coast Guard and Maritime Transportation,
   111th Congress (June 19, 2009), tinyurl.com/mr3shd5y ....................................................... 9

O.A. Tr., *Grutter v. Bollinger*, 02-241 (U.S. Apr. 1, 2003) ........................................................... 8

Press Release, *USMA Hosted the 62nd Annual COSAS* (Apr. 11, 2023),
   tinyurl.com/4d7ew9zs ............................................................................................................ 8

**Rules**

Fed. R. Civ. P. 45 ........................................................................................................................... 2

Fed. R. Civ. Proc. 45, 2013 Advisory Committee Notes ........................................................... 3, 4

LCvR 7(m) ...................................................................................................................................... 5

## INTRODUCTION

The Coast Guard—represented by the same trial attorneys defending the United States Naval Academy ("USNA")—opposes the motion of Students for Fair Admissions ("SFFA") to compel production of (1) information concerning its prior use of race-neutral alternatives to achieve diversity at the United States Coast Guard Academy ("USCGA"); and (2) statistical information that the USCGA has readily available regarding minority representation on campus. The Coast Guard makes four arguments resisting SFFA's subpoena. None of them have merit.

- *First*, the Coast Guard contends that this matter should be transferred to the District of Maryland. But doing so would delay adjudication of this motion with trial fast approaching and it would alter the law that governs SFFA's request. Either is a sufficient ground to deny the Coast Guard's transfer bid.

- *Second*, the Coast Guard contends that the dispute is unripe because there have not been adequate attempts to meet and confer. This is wrong. SFFA took the Coast Guard's initial objections seriously and substantially narrowed the subpoena, only to be met with identical objections. SFFA emailed and followed up by telephone, and the Coast Guard offered no prospect that any further narrowing would be sufficient—indeed, even now in opposition, it conspicuously declines to produce any documents whatsoever.

- *Third*, the Coast Guard contends that the motion is too late. This contradicts the Coast Guard's prior two arguments and is wrong in any event. The matter at issue is on an extremely fast trial schedule, the subpoena was served within the discovery period, and SFFA has moved quickly to bring this dispute to the Court's attention.

- *Fourth*, the Coast Guard contends that Rule 45 excuses it from producing *anything*. Wrong again. The governing law imposes obligations on USNA to consider race-neutral alternatives; the service academies often discuss their admissions policies with one another; and the Coast Guard's Chief of Staff testified before Congress about a specific plan to increase outreach and recruiting at the USCGA at a time when the law prohibited the academy from using race. Moreover, the information that SFFA seeks—especially the statistical information—is reasonably available to the USCGA and can be produced in time for trial.

This Court should reject the Coast Guard's obstruction and compel compliance with the narrowed subpoena. Whether "our Nation's military academies" can use race-based admissions, after *SFFA v. Harvard* outlawed the practice everywhere else, is a crucially important question that will likely be resolved by the Supreme Court. 600 U.S. 181, 213 n.4 (2023). This case will be

the first to reach it, and the Supreme Court has stated its preference that the record on this question not be "underdeveloped." *SFFA v. USMA*, 144 S. Ct. 716 (2024). USNA's lawyers should not get to argue that race-based admissions are "necessary" for the military academies, while also blocking all discovery into the one service academy that didn't use race-based admissions for years.

**ARGUMENT**

This is not a complex or difficult motion. SFFA contends that another service academy's experience using race-neutral admissions to obtain a racially diverse student body is probative evidence in determining whether the USNA's race-conscious admissions policies can satisfy strict scrutiny. *See* Mot. to Compel 4-5 (citing *Fisher v. Univ. of Tex. at Austin*, 570 U.S. 297, 312 (2013)). The Government contends such evidence is wholly irrelevant. SFFA has the better of the merits and none of the procedural roadblocks the Coast Guard tries to erect are sufficient to block this highly relevant evidence in this highly consequential case. This Court should reject the Coast Guard's arguments and compel compliance with the subpoena as soon as possible.

**I.  This Court should decide the motion.**

The Coast Guard contends that this motion should be transferred to the District of Maryland for two reasons: the Coast Guard wants it transferred (Opp. 4) and "exceptional circumstances" require its transfer. (Opp. 4-5). Neither argument is correct.

The consent argument is easily dispatched. Contrary to the Coast Guard's claim that its consent is "dispositive" (Opp. 4), nothing in Rule 45 *requires* transfer if the recipient consents; the rule merely *permits* a court to do so. *See* Fed. R. Civ. P. 45(f) (providing that a court "*may* transfer a motion … if the person subject to the subpoena consents or if the court finds exceptional circumstances" (emphasis added)). Courts in this district do not automatically transfer motions to compel when the subpoena recipient consents. *See, e.g.*, Minute Order, *In re Subpoena to Nat'l Telecomms. & Info. Admin.*, No. 19-mc-40 (D.D.C. May 29, 2019) ("Where, as here, the transfer

2

is contested, the Court must consider whether the transfer would be in the interest of judicial economy and fairness to the parties."); *HT S.R.L. v. Velasco*, No. 15-mc-664, 2015 WL 13759884, at *2 n.2 (D.D.C. Nov. 13, 2015) ("[D]espite any consent from the respondent to have the petitioner's motion to compel transferred to the Maryland district court, the Court may still choose to resolve the motion.").

Nor are there "*exceptional* circumstances" that weigh in favor of transfer. The fact that the underlying case is pending in another district cannot be an exceptional circumstance; if it was, then Rule 45(f) would always require transfer.[1] Indeed, the 2013 Advisory Committee Notes specifically warn that courts should not "assum[e] that the issuing court is in a superior position to resolve subpoena-related motions." *Id.* Beyond that, the Coast Guard observes that the time for discovery ends soon—an argument that cuts in favor of a decision by this Court now, not further delay via a transfer order. Nor is there anything improper or unusual about serving the Coast Guard a subpoena in the district in which it resides. Unlike the Coast Guard's cited cases,[2] this dispute

---

[1] The Coast Guard overstates the extent to which Judge Bennett has "supervised … discovery" and "resolved discovery disputes" in this case (Opp. 5); the parties held a single telephonic conference more than a month ago on unrelated issues, only some of which concerned discovery disputes and none of which touched upon the issues raised by this subpoena, *see generally SFFA v. USNA*, No. 23-cv-2699 (D. Md.).

[2] *Honeywell Int'l Inc. v. Law Offices of Peter T. Nicholl*, No. 21-mc-151, 2022 WL 43494, at *2-4 (D.D.C. Jan. 5, 2022), involved a case where the party moving to compel itself sought the transfer, and "[a]t least one other court ha[d] already transferred motions to compel and quash regarding a subpoena … relating to the [underlying] [l]itigation to the court in which that case [was] pending," so that, "without a transfer, there [was] a risk of conflicting rulings." No potential conflict issue is presented here. And the Coast Guard's other cases involved questions either more complex than the one presented here or tied to ongoing disputes in the other court that justified transfer. *See Bogard Constr. Inc. v. Oil Price Info. Serv., LLC*, No. 21-cv-3005, 2022 WL 1213307, at *3 (D. Md. Apr. 25, 2022) (the underlying case was "especially complex," and the motion raised a question of whether the "issuing court lack[ed] subject matter jurisdiction," which was "best suited for the court whose jurisdiction [was] being challenged); *In re Subpoena to Nat'l Acad. of Scis.*, No. 24-mc-59, 2024 WL 3370249, at *2-3 (D.D.C. July 10, 2024) (the underlying case had a "unique procedural posture" with "1,700 civil actions … consolidated in the E.D.N.C.," and this

3

presents a distinct and straightforward question of law that is "neither complicated nor so bound up with prior rulings in the underlying case such that it would be imprudent for th[e] court to rule." *Hood v. City of Chicago*, No. 19-mc-123, 2019 WL 5295169, at *3 (D.D.C. Oct. 18, 2019). The Coast Guard thus cannot meet its burden of showing exceptional circumstances that justify transfer. *See* Fed. R. Civ. Proc. 45(f), 2013 Advisory Committee Notes (placing the burden on the party seeking transfer).

In fact, the only truly unusual circumstance in play here goes unmentioned by the Coast Guard, because it strongly favors SFFA. Transferring this case to the District of Maryland would arguably strengthen the Coast Guard's attempts to use its *Touhy* regulations to block compliance.[3] Judge Moss denied a motion to transfer on almost an identical posture precisely because the Fourth Circuit gives greater weight to *Touhy* arguments. *In re Subpoena to Nat'l Telecomms. & Info. Admin.*, No. 19-mc-40 (D.D.C. May 29, 2019), attached as Ex. A. Because "the convenience of the parties would not be promoted by transfer but transfer would alter the governing law," Judge Moss found that transfer "would not serve the purpose of Rule 45(f)" and the Government's bid to transfer was denied. *Id.* The same result should follow here.

---

"multidistrict litigation" was "carefully managed" by the issuing court); *XY, LLC v. Trans Ova Genetics*, 307 F.R.D. 10, 11-12 (D.D.C. 2014) (the underlying litigation was a "large and complex patent infringement suit," and the issuing court had "already supervised substantial discovery"); *CFA Inst. v. Am. Soc'y of Pension Pros. & Actuaries*, No. 20-mc-18, 2020 WL 1695050, at *2 (D.D.C. Apr. 7, 2020) (the underlying litigation involved "nuances of … trademark infringement").

[3] *Compare, e.g.*, *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 278 (4th Cir. 1999) ("When an agency is not a party to an action, its choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources."), *with Watts v. SEC*, 482 F.3d 501, 508-09 (D.C. Cir. 2007) ("'[T]hough an agency regulation may provide the method by which an agency head will comply with or oppose a subpoena, the legal basis for any opposition to the subpoena must derive from an independent source of law such as a governmental privilege or the rules of evidence or procedure.'") (quoting 9 James Wm. Moore et al., Moore's Fed. Prac. §45.05[1][b] (3d ed. 2006)).

**II.     SFFA narrowed the subpoena, and further conferral was pointless.**

The government contends that SFFA did not comply with its meet-and-confer obligations under Local Rule 7(m). (Opp. 5-6). This argument is belied by the record. In response to the initial subpoena, the Coast Guard refused to produce a single document on the ground that all of SFFA's requests were, among other things, "inappropriate" and "not in the public interest." Mot. Ex. D. When SFFA revised and narrowed the scope of the subpoena, the Coast Guard reiterated its same objections and again refused to produce anything. A subsequent email and phone call from SFFA's counsel to the Coast Guard to confirm the impasse yielded no suggestion at all that a compromise could be had—and even now, the Coast Guard does not say that it is willing to produce *anything* in response to any part of the subpoena.

Parties are not required to engage in endless attempts to resolve discovery disputes; good-faith attempts met with "'stonewall[ing]'" satisfy the rule. *Nasreen v. Capitol Petrol. Grp., LLC*, 340 F.R.D. 489, 495 (D.D.C. 2022) (the non-moving party "refused to engage in any substantive discussions" (quoting *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 194 (D.D.C. 2003))). Especially here, where the time for discovery is short and an attempt to narrow was met with no compromise at all, SFFA easily satisfies the requirements of Local Rule 7(m).[4]

In any event, the Coast Guard's opposition makes clear that even if the Court denied SFFA's motion for non-compliance with Local Rule 7(m), the Coast Guard still has no intention of compromising here. Thus, after another impasse, SFFA would simply "refile [its] motion" and

---

[4] SFFA's efforts in this case, which included a narrowed subpoena, an email, and a phone call, go beyond those of counsel in the cases cited by the Coast Guard. *See Alberts v. HCA Inc.*, 405 B.R. 498, 501 (D.D.C. 2009) (no telephone call or in-person meeting); *Crete Carrier Corp. v. Sullivan & Sons, Inc.*, No. 21-cv-328, 2022 WL 1203652, at *5, 24 (D. Md. Apr. 21, 2022) (same). And noncompliance with Rule 7(m) was not the basis for the denial of the subpoena in *Alberts* or the denial of most of the categories of documents subpoenaed in *United States v. All Assets*, 202 F. Supp. 3d 1, 6-7 (D.D.C. 2016).

5

the Coast Guard would "refile [its] opposition." *Ghawanmeh v. Islamic Saudi Acad.*, 268 F.R.D. 108, 111 (D.D.C. 2010). "[T]he resulting expense to defendants [would] not in itself warrant denying plaintiff's motion." *Id.*; *see also Johnson v. ACB Ideas, LLC*, No. 23-cv-2944, 2024 WL 3225994, at *4 (D.D.C. June 28, 2024) (similar); *Kriebel v. Life Ins. Co. of N. Am.*, No. 15-cv-151, 2015 WL 11347968, at *2-3 (D.D.C. Oct. 14, 2015) (similar).

### III.     SFFA did not delay in bringing this motion.

The Coast Guard's next procedural argument is that SFFA delayed in serving the subpoena and filing its motion. Opp. 6-8. Again, this argument lacks merit. SFFA was not required to serve its subpoena at the outset of the extremely truncated discovery schedule. Among other things, SFFA was entitled to see if some of the information it wanted would be yielded in party discovery, and to see if the discovery schedule might be extended. When it was clear that neither of these possibilities was likely, SFFA acted well within the discovery time frame. Nothing else is required.

Again, the Coast Guard's cases are easily distinguishable. In *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104, 108-10 (D.D.C. 2005), the subpoena was issued outside of the court's discovery period in the scheduling order. In *Crete Carrier*, 2022 WL 1203652, at *20-21, the motion to compel was filed outside the discovery period. *Texas v. Holder*, No. 12-cv-128, 2012 WL 13070110, at *3-4 (D.D.C. June 8, 2012), deals with the necessity of a subpoena in the first place (which the movant failed to serve) and thus has no application here. And this case is nothing like *Ike-Ezunagu v. Deco, Inc.*, No. 9-cv-526, 2010 WL 4822511, at *2 (D. Md. Nov. 22, 2010), where the plaintiff had "thirteen months" of discovery, but "afforded the deponents eight days between the date of her request for subpoenas and the date of the scheduled depositions" in the "two to three days before Thanksgiving." *Id.* at *2. No deposition or holiday schedule is presented here. The Coast Guard's timeliness objection should be denied.

**IV.     The documents that SFFA seeks are relevant and do not unduly burden the Coast Guard.**

Finally, turning to the substance of the narrowed subpoena, the Coast Guard argues that its experience conducting race-neutral admissions at USCGA simply has no relevance to the USNA and thus does not meet Rule 45's requirements.[5] This argument is on its face absurd: The Coast Guard's race-neutral admissions policy was discussed at oral argument in both *SFFA v. Harvard*, 600 U.S. 181 (2023) and *Grutter v. Bollinger*, 539 U.S. 306 (2003). The two academies often exchange information about their admissions process and diversity efforts, and they draw from the same applicant base. And Coast Guard officials, when testifying in support of changing the USCGA's admission policies, said they wanted to do so to bring their process in line with the other academies. The Coast Guard's burden arguments, moreover, are neither the fault of SFFA nor an excuse to resist the subpoena *in toto*.

To begin, there is no merit to the Coast Guard's argument (at Opp. 9-10) that the Coast Guard is too different a comparator for purposes of assessing a race-neutral alternative. As SFFA noted in its motion, the United States itself has previously used the USCGA as a comparator in arguments about race-neutral admissions at the service academies. Mot. 5-6. The United States has also itself emphasized the similarity of the applicant pools. *Id.*

Moreover, discovery produced by the USNA in the underlying action completely undermines the Coast Guard's contention that the academies are simply too different to compare. Admissions and diversity officers at both schools communicate with one another and compare

---

[5] The Coast Guard wrongly claims that SFFA "ignore[d]" Rule 45's standards in its motion to compel; in fact, SFFA specifically cited case law from this district applying Rule 45. *See* Mot. 3 (citing *US Dominion Inc. v. My Pillow Inc.*, No. 21-cv-445, 2024 WL 2880425, at *3 (D.D.C. June 7, 2024)).

7

notes, and some examples are attached here. *See* Ex. B (email between admissions deans at USNA and USCGA discussing application rates); Ex. C (email between diversity officers discussing attrition among minority students). Indeed, the Superintendents of all the academies—including USNA and USCGA—meet in person every year for the Conference of Service Academy Superintendents (COSAS), which is attended by the admissions directors and at which admissions trends and policies are discussed. *See* Ex. D (admissions deans coordinating COSAS gatherings); Ex. E (draft 2023 COSAS report noting that admissions deans of all the academies—including USCGA—discussed the achievement in diversity among the service academies' applicants if race cannot be used in the admission process).[6]

Given this regular communication between admissions personnel at USCGA and USNA about their similar processes, there is no basis for the Coast Guard's contention that the subpoena seeks completely irrelevant information that lies in the "'shadow zones of relevancy.'" Opp. 9. The United States certainly did not see it this way in *Grutter*. *See* Mot. 6 (citing O.A. Tr.19-22, *Grutter v. Bollinger*, 02-241 (U.S. Apr. 1, 2003)). USNA of course is free to point out these distinctions at trial, but there is no basis to resist this subpoena on relevancy grounds given the record establishing that USCGA and USNA do not consider each other's admissions processes irrelevant.

As to burden, the Coast Guard makes *no argument at all* that the subpoena's request for certain admissions demographic data is burdensome. Nor could it, given that the USCGA regularly compiles and discloses some of this information publicly. *See* Mot. 7 & Ex. E. Of course, those

---

[6] *See also* Press Release, *USMA Hosted the 62nd Annual COSAS* (Apr. 11, 2023), tinyurl.com/4d7ew9zs (noting that the "annual meeting of the superintendents is hosted by the academies on a rotating basis and includes the commandants, the deans, the directors of Admissions and Athletics" who "discuss performance measures and other matters of collective interest").

public disclosures are not compiled in one place nor complete, which is why the Coast Guard is wrong to argue (Opp. 13) that this information is already available to SFFA.

As to SFFA's other document request, the Coast Guard for the first time expands upon its general and vague burden concerns by massively overstating the number of hours required to locate and produce documents concerning its race-neutral admissions process. For example, the Coast Guard's Chief of Staff testified to Congress in 2009 about the USCGA's "2013 strategic plan focusing on diversity, leadership, and character development" that had a "goal … to increase underrepresented minorities in the corps of cadets from our current 14.4 percent to 25 to 30 percent by 2015." *See* Hearing Transcript, Subcommittee on Coast Guard and Maritime Transportation, 111th Congress (June 19, 2009), tinyurl.com/mr3shd5y. With the lodestar of that strategic plan and the ability to deploy electronic search terms, it does not take 4000 hours to locate relevant documents concerning the Coast Guard's use of a race-neutral admissions plan to increase racial diversity.[7] Had the Coast Guard not opposed the subpoena *in toto* as "inappropriate," SFFA would have been (and still is) prepared to discuss reasonable limits in terms of search terms and custodians. And this Court can further narrow the subpoena if necessary to relieve the Coast Guard of any truly undue burden. *See Dell Inc. v. DeCosta*, 233 F. Supp. 3d 1, 3-4 (D.D.C. 2017). But the very timing concerns that the Coast Guard highlights elsewhere in its opposition weigh in favor of the Court overruling the Coast Guard's blanket resistance and compelling compliance with the subpoena as soon as possible.

---

[7] The Coast Guard contends, without basis, that the information is too outdated to be useful. The USCGA's race-neutral admissions process is most relevant as a comparator *for the time period when it was race-neutral*; this is not some dragnet request with an arbitrary date.

9

## CONCLUSION

The Court should grant this motion and compel the Coast Guard to comply with Plaintiff's subpoena.

Date: August 5, 2024

Respectfully submitted,

*/s/ Thomas R. McCarthy*
Thomas R. McCarthy
J. Michael Connolly
Cameron T. Norris
Brandon Haase
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
mike@consovoymccarthy.com
cam@consovoymccarthy.com
brandon@consovoymccarthy.com

*Counsel for Students for Fair Admissions*

## CERTIFICATE OF SERVICE

On August 5, 2024, service of this motion was made on counsel of record via the court's ECF filing system.

*/s/ Thomas R. McCarthy*
Thomas R. McCarthy

*Counsel for Students for Fair Admissions*
