# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
# NORTHERN DIVISION

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS<br><br>*Plaintiff*,<br><br>v.<br><br>THE UNITED STATES NAVAL ACADEMY, *et al.*,<br><br>*Defendants*. | No. 1:23-cv-2699-RDB<br><br>**DEFENDANTS' MOTION *IN LIMINE* CONCENRNING CERTAIN EXHIBITS** |

Pursuant to Federal Rule of Evidence 104 and the Court's pretrial order, ECF No. 71, Defendants, by and through undersigned counsel, respectfully move for the exclusion of certain exhibits contained on Plaintiff's exhibit list.[1]

## DISCUSSION

The purpose of an *in limine* motion is "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *United States v. Slagle*, No. 15-mj-392- SAG, 2015 WL 5897740, *1 (D. Md. Oct. 6, 2015) (quoting *Banque Hypothecaire du Canton de Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987) (citing Graham, *Handbook of Federal Evidence*, § 103.8 (2d ed. 1986) at 31 n.5)); *see generally* Fed. R. Evid. 104. *In limine* motions "help to streamline a case, because such motions 'enable[ ] a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render

---

[1] This motion *in limine* does not seek to address every objection Defendants have lodged to Plaintiff's exhibits. Rather, this motion seeks to address exhibits that reasonably can be categorized to efficiently address certain global concerns Defendants have with Plaintiff's exhibit list. Defendants reserve their right to raise at trial objections to any additional documents offered by Plaintiff to which Defendants previously have lodged objections.

efficient a subsequent trial.'" *Macsherry v. Sparrows Point, LLC*, No. ELC-15-022, 2018 WL 1123696, *1 (D. Md. Mar. 1, 2018) (citation omitted). Here, as discussed below, ruling on Defendants' motion *in limine* would help to streamline this case and facilitate a more efficient trial.

I. **The Parties' Expert Reports, Defendants' Expert Disclosures, and Associated Exhibits Should be Excluded as Inadmissible Hearsay and As Cumulative of Live Testimony**

Plaintiff's exhibit list includes the parties' Rule 26(a)(2)(B) expert reports, Defendants' Rule 26(a)(2)(C) disclosures, and related materials. Because the parties' expert reports and related materials are unquestionably hearsay and not subject to any exception, they should be excluded.[2] "[I]t is settled law in this jurisdiction that expert reports are inadmissible hearsay" and therefore may not be considered for the truth of the matters asserted therein. *Murphy v. Cambridge Integrated Servs. Group, Inc.*, No. AW-08-3224, 2010 WL 2998790, *12 (D. Md. Jul. 27, 2010) (citing *Md. Highways Contractors Ass'n v. Maryland*, 933 F.2d 1246, 1251 (4th Cir. 1991); *Solis v. Prince George's County*, 153 F. Supp. 2d 793, 788-89 (D. Md. 2001); *Pender v. Bank of Am. Corp.*, 3:05-cv-00238, 2016 WL 7320894, *1 (W.D.N.C. Dec. 15, 2016) (holding that expert reports constitute inadmissible hearsay and otherwise would be excluded under Federal Rule 403 as cumulative of live testimony); *N5 Technologies v. Capital One N.A.*, 56 F. Supp. 3d 755, 765 (E.D. Va. 2014) (same); *see also Mahnke v. Washington Metro. Area Transit Auth.*, 821 F. Supp. 2d 125, 154 (D.D.C. 2011) (noting that expert reports and CVs of experts constitute inadmissible hearsay). Furthermore, because each of the expert's reports rely upon hearsay, these exhibits also are inadmissible because they contain hearsay within hearsay. *See* Fed. R. Evid. 805. And even if the reports, disclosures, and related materials otherwise fell under a hearsay exception, they should

---

[2] Defendants have included their expert reports and disclosures on their exhibit list in the event the Court concludes that the parties' expert reports are admissible. If the Court grants this motion Defendants will not seek to admit their expert reports and disclosures into evidence.

2

still be excluded under Federal Rule of Evidence 403 as cumulative of the experts' live testimony. *See Pender*, 2016 WL 7320894 at *1. Accordingly, the Court should exclude from evidence the expert reports, disclosures, and related materials identified on Plaintiff's exhibit list. This includes the following exhibits: P218-P232; P234-35; P237-P238; P240-P258; P510 and P517-518.[3]

In addition, P281, which is a declaration from retired Lt. General Thomas W. Spoehr that Plaintiff relied upon only in its preliminary injunction motion, Dkt. 54-1, should be excluded as hearsay, hearsay within hearsay, and untimely disclosed fact and expert testimony. Plaintiff never identified Lt. Gen. Spoehr as a witness it was relying upon in its initial disclosures and failed to submit an expert report consistent with the Court's pretrial deadlines. In addition, Lt. Gen. Spoehr is not identified on Plaintiff's witness list. Defendants had no notice that Plaintiff would continue to rely upon Lt. General Spoehr after the Court denied Plaintiff's preliminary injunction motion, has not had the opportunity to depose him, will not have the opportunity to cross-examine him at trial, and would be prejudiced by the admission of his unchallenged declaration into evidence. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless.").

## II. The Court Should Exclude Declarations from Trial Witnesses as Cumulative

Plaintiff's exhibit list also includes the declarations submitted by Defendants for witnesses who will be testifying live at trial, and those declarations are therefore cumulative and should be excluded under Federal Rule of Evidence 403 (excluding evidence that is needlessly cumulative).

---

[3] If the Court concludes that the parties' expert reports and disclosures are admissible, Defendants respectfully request that admission be limited to the portion of those reports and disclosures that the parties' experts specifically address at trial. Otherwise, a party could have an expert testify to only a subset of the opinions identified in their report, limit cross-examination to the scope of direct, but have all the opinions admitted as evidence without cross-examination.

3

This includes the following exhibits: P259, P283, P500 and P322 (duplicates of P259) (Declaration of Bruce Latta and revision); P264 & P503 (duplicate of P264) (Declaration of John V. Fuller); P265 (Declaration of Ashish Vazirani); P266 (Declaration of John Sherwood); P267-P69 (Declaration of Jason Lyall, curriculum vitae, and works cited).

### III. Plaintiff's Exhibit List Includes Additional Documents that are Irrelevant or Constitute Hearsay

Plaintiff's exhibit list includes the following documents that are irrelevant to the sole issue in this case; namely, whether the Naval Academy's limited consideration of race violates equal protection principles. This includes a notice filed by Defendants correcting Dean Latta's declaration (P282); Defendants' privilege log (P294); an entire deposition transcript of Defendants' Rule 30(b)(6) designees (P296) (Plaintiff separately has designated discrete portions of the Rule 30(b)(6) deposition under Rule 26(a)(3)); deposition notices (P297, P501, P509 & P511); Defendants' initial disclosures (P291, P306, P308, P502 & P512); Defendants' entire preliminary injunction opposition brief (P471); and an amicus brief filed in the *Harvard* lawsuit (P542), which is hearsay. Because none of these documents are appropriate exhibits, they should be excluded from evidence.

### IV. The Court Should Exclude Newspaper Articles and Similar Materials Identified on Plaintiff's Exhibit List as Hearsay

Plaintiff's exhibit list contains several newspaper and similar articles, as well as several entire books, that it appears to intend to rely upon for the truth of the matters asserted therein. Indeed, Plaintiff's experts rely upon these exhibits as substantive support for their opinions.[4]

---

[4] Although it may be permissible for Plaintiff's experts to rely upon hearsay pursuant to Federal Rule of Evidence 703, "the rule does not automatically provide for the admissibility of hearsay evidence simply because an expert is testifying." *Blue Cross & Blue Shield of South Carolina v. W.R. Grace & Co.*, 781 F. Supp. 420, 427 (D.S.C. 1991).

These newspaper and similar materials are hearsay – and oftentimes hearsay within hearsay – and accordingly should be excluded. As the Fourth Circuit has recognized, "[t]his circuit has consistently held that newspaper articles are inadmissible hearsay to the extent they are introduced 'to prove the factual matters asserted therein.'" *Gannt v. Whitaker*, 57 Fed. Appx. 141, 150 (4th Cir. 2003) (quoting *United States v. ReBrook*, 58 F.3d 961, 967 (4th Cir. 1995)). The same is true of books. *See Rouse v. Duke Univ.*, 914 F. Supp. 2d 717, 724 (M.D.N.C. 2012) (holding that book excerpt constituted inadmissible hearsay). Defendants have attached five illustrative examples of inadmissible news articles from Plaintiff's exhibit list for the Court's convenience (P450, P536, P537, P538, P539).

In addition, Plaintiff's exhibit list includes two declarations from Plaintiff's counsel that it submitted in connection with its motion for a preliminary injunction and which purport to authenticate numerous separate exhibits appended to the declarations. *See* P279 and P280; ECF No. 9-6; 9-7. These declarations from Plaintiff's counsel are inadmissible hearsay and improperly seek to authenticate numerous appended documents, including newspaper articles and similar articles, that are also hearsay and often hearsay within hearsay. *See, e.g.*, P279 & P280, Exhibits I, J, K, M, N, R, T, U, aa, and bb.

The attorney declarations also append and seek to authenticate other materials that contain hearsay. For example, Exhibit D to the declaration purports to be an April 2016 report from the Congressional Research Service. This report is hearsay. Similarly, Exhibit E purports to be from the website of Senator Mark Warner. This, too, is hearsay. Exhibit F, which purports to be a page from the website of the White House, is also hearsay. The same is true for Exhibit W, which purports to be an April 1993 report from the U.S. General Accounting Office.

These attorney declarations are further inadmissible because they do not reflect proper

5

compendiums.  Fed. R. Evid. 1006.

Accordingly, the Court should exclude from evidence the following exhibits:  P450, P536, P537, P538, P539, P540 and P541; P279-80.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion *in limine* to exclude certain exhibits at trial.

Dated: August 21, 2024

          BRIAN M. BOYTON
          Principal Deputy Assistant Attorney General

          ALEXANDER K. HAAS
          Director, Federal Programs Branch

          */s/ Catherine M. Yang*
          JOSHUA E. GARDNER
          *By Special Appearance*
          Special Counsel
          ANDREW CARMICHAEL
          *By Special Appearance*
          Senior Trial Counsel
          CHRIS EDWARD MENDEZ
          *By Special Appearance*
          JOHN ROBINSON
          *By Special Appearance*
          CATHERINE M. YANG
          *By Special Appearance*
          Trial Attorneys
          U.S. Department of Justice
          Civil Division, Federal Programs Branch
          1100 L Street NW
          Washington, DC 20005
          Phone: (202) 514-4336
          Email: catherine.m.yang@usdoj.gov

          MEDHA GARGEYA
          *By Special Appearance*
          Counsel
          U.S. Department of Justice
          Civil Division, Office of the Assistant Attorney General
          950 Pennsylvania Avenue NW
          Washington, DC 20530

          *Counsel for Defendants*