**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS *Plaintiff*, <br><br> v. <br><br> THE UNITED STATES NAVAL ACADEMY, *et al.*, <br> *Defendants*. | No. 1:23-cv-2699-RDB |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN TESTIMONY FROM CAPT. (SEAL) BIRCH**

## INTRODUCTION

Plaintiff Students for Fair Admissions respectfully submits this motion *in limine* pursuant to Federal Rule of Evidence 403 to exclude certain testimony from Captain (SEAL) Jason Birch. Because Capt. Birch's isolated examples have only minimal probative value in these proceedings and he refused to provide details of those experiences during his deposition, Capt. Birch should not be permitted to testify about these incidents at trial, as such testimony would be unduly prejudicial and a waste of time under Rule 403.

## BACKGROUND

Capt. Birch serves as Third Battalion Officer with the USNA and serves on the Academy's Admissions Board. *See* Ex. A (Excerpts of Defs. 2nd Supp. Discl.) at 1. USNA disclosed Capt. Birch as a fact witness "likely to have discoverable information concerning his personal experiences regarding the importance of diversity, including racial and ethnic diversity, in the Navy's officer corps." *Id.*

SFFA took Capt. Birch's deposition on August 8. During his deposition, Capt. Birch offered general opinions about the importance of diversity in the officer corps. He also testified about the downsides of "undiverse" teams and racism that he and his subordinates allegedly endured. *See, e.g.*, Ex. B (Birch Dep. Tr.) at 126:6-127:3.[1] Capt. Birch refused to identify the individuals who were allegedly responsible for, or witnesses to, the behavior he described. *See, e.g., id.* at 132:3-133:6; 133:18-134:9; 136:6-138:19. In particular, Capt. Birch refused to identify the "senior SEAL captain" and "senior enlisted leader" implicated by his

---

[1] Although the Birch deposition transcript is marked "Highly Confidential," SFFA conferred with Defendants and they have no objection to SFFA filing the attached Exhibits B (excerpts of the transcript) and Exhibit C (an exhibit to the transcript) on the public docket.

1

public accusations of racism. *See, e.g.*, Ex. C (Birch Dep. Ex. 2) at 1 (a U.S. Naval Institute article Capt. Birch authored alleging "[b]igoted insults and overt racism" by a "senior SEAL captain" and "senior enlisted leader," among other things). USNA counsel has indicated that USNA will offer these anecdotal experiences as affirmative testimony at trial.

On August 14, SFFA moved to compel additional deposition testimony from Capt. Birch and to compel Capt. Birch's sworn testimony in response to the questions he refused to answer during his August 8, 2024, deposition. The Court declined to order additional testimony. *See* Dkt. 73 at 1. The Court did, however, order the Defendants to inquire as to whether one incident described by Capt. Birch "was memorialized in any informal or formal record" and to "advise Plaintiff's counsel of their findings no later than Thursday, August 22, 2024." *Id.*

SFFA now moves to exclude testimony from Capt. Birch about the incidents he described in his article.

## LEGAL STANDARD

Rule 403 provides that a district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[D]istrict courts have broad discretion in making such determinations, which [the Fourth Circuit] may overturn only under the most extraordinary circumstances, where that discretion has been plainly abused." *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 988 F.3d 690, 713 (4th Cir. 2021) (quotation marks omitted).

2

## ARGUMENT

The Court should exclude testimony from Capt. Birch about the incidents he described in his article for three main reasons. *First*, Capt. Birch's anecdotes are, at best, minimally relevant to the trier of fact in this case. As Capt. Birch admitted, his experiences may not be indicative of those of other officers or enlisted sailors in the Navy. *See* Ex. B at 124:16-17 ("I can't speak to the big Navy, but I can speak for my experiences."). To the contrary, Capt. Birch testified that he has "found that most in uniform with whom [he has] served do *not* subscribe to or accept the[] [racist] sentiments" discussed in his article. *Id.* at 134:11-13 (emphasis added); *see also id.* at 134:20-135:7 ("[M]any, if not most, that are in the military that I have served with are patriotic good people who believe in our core values and act that way every day. … [P]art of the reason for writing the article … is so that … we weren't throwing the baby out with the bath water in the public to do so in terms of the actions *of a few*." (emphasis added)). But even if these experiences *were* reflective of the experiences of others, any actual probative value is minimized by his and USNA's refusal to allow for further inquiry into them, as explained below.[2]

*Second*, Capt. Birch's testimony about these anecdotes should be excluded because their minimal probative value makes it a waste of time. Part of the reason SFFA understands the Court to have denied SFFA's motion to compel was that impeaching Capt. Birch as to these anecdotes would involve a needless inquiry into a tangential issue. SFFA agrees, which is why the Court should grant this motion. As Capt. Birch admitted, he does not, and cannot, speak

---

[2] Indeed, Capt. Birch never formally reported his most inflammatory allegations. Ex. B at 142:3-17. If these anecdotes were not relevant enough to report to his senior officers, they are not relevant enough for trial.

3

for anyone but himself. As such, Capt. Birch's testimony about his personal experiences here should be excluded because they constitute a "wast[e] [of] time" under Rule 403.

*Third*, Capt. Birch's testimony about these experiences should be excluded because SFFA cannot properly cross-examine him. In its recent order, the Court denied SFFA's motion to compel answers to questions that are fair game in cross. "[C]ross-examination of a witness is a matter of right." *Alford v. United States*, 282 U.S. 687, 691 (1931). This right is not confined to specific questions asked on direct examination but extends to the subject matter about which the inquiry was made. *See id.* at 691-92, 694. Thus, if Capt. Birch's anecdotal testimony is meaningfully probative of an issue in this case, SFFA is entitled to test the accuracy and completeness of those anecdotes.

Indeed, cross-examination is "the principal means by which the believability of a witness and the truth of his testimony are tested." *Davis v. Alaska*, 415 U.S. 308, 316 (1974). As the Fourth Circuit has explained, "*full* and fair cross-examination" is critical to the truth-seeking process. *Elm Grove Coal Co. v. Dir., OWCP*, 480 F.3d 278, 302-03 (4th. Cir. 2007) (emphasis added) (overturning a Benefits Review Board decision where documents were improperly withheld, and thus expert witnesses could not be fully and properly cross-examined). Where a privilege is invoked or "a witness refuses to submit to cross-examination," courts "often strike testimony." *CFPB v. Access Funding, LLC*, 2021 WL 2915118, at *21 (D. Md. July 12); *see, e.g., Cisco Sys., Inc. v. Sheikh*, 2020 WL 5877573, at *4 (N.D. Cal. Oct. 2) ("Having asserted the Fifth Amendment rather than provide complete evidence, the ADSI affiliated defendants are not entitled to a second bite at the apple that would allow it to present selectively evidence it believes is favorable."). Indeed, "[s]triking all of the testimony of a

4

witness may be the only appropriate remedy when refusal to answer the questions of the cross-examiner frustrates the purpose of [cross-examination]." *United States v. One Parcel of Real Prop. Commonly Known as 901 N.E. Lakewood Dr., Newport, Or.*, 780 F. Supp. 715, 722 (D. Or. 1991).

Of course, Capt. Birch did not invoke the Fifth Amendment; he just asserted that he would not divulge the identifies of others involved in certain incidents. But the basis for his refusal to answer is not the fulcrum of the caselaw striking testimony. Rather, the availability of a complete cross-examination is deemed a touchstone of admissibility.

USNA has made clear it intends to offer Capt. Birch's anecdotal experiences about the downsides of "undiverse" teams and racism that Capt. Birch allegedly endured as affirmative testimony at trial. But USNA and Capt. Birch have deprived SFFA of the ability to conduct a "full and fair" cross-examination on those topics. *See Elm Grove*, 480 F.3d at 302. USNA cannot have it both ways: These anecdotes cannot be both relevant and important to its case while also unworthy of inquiry by SFFA into the specifics. If cross-examination on the details of his anecdotes is tangential, then the anecdotes themselves must necessarily be of limited relevance. Otherwise, prohibiting SFFA from cross-examining the witness would be a significant deprivation of its right to challenge the government's witness.

## CONCLUSION

This Court should grant SFFA's motion *in limine* and exclude testimony from Capt. Birch about the incidents he described in his article.

6

| | |
|---|---|
| Dated: August 21, 2024 | Respectfully submitted, |
| | /s/ *Thomas R. McCarthy* |
| Adam K. Mortara* | Thomas R. McCarthy* |
| (TN Bar No. 40089) | Patrick Strawbridge* |
| LAWFAIR LLC | J. Michael Connolly* |
| 40 Burton Hills Blvd., Ste. 200 | Bryan K. Weir* |
| Nashville, TN 37215 | Cameron T. Norris** |
| (773) 750-7154 | James F. Hasson* |
| mortara@lawfairllc.com | CONSOVOY MCCARTHY PLLC |
| | 1600 Wilson Boulevard, Suite 700 |
| | Arlington, VA 22209 |
| | (703) 243-9423 |
| | tom@consovoymccarthy.com |
| | patrick@consovoymccarthy.com |
| | mike@consovoymccarthy.com |
| | bryan@consovoymccarthy.com |
| | cam@consovoymccarthy.com |
| | james@consovoymccarthy.com |
| | |
| | *pro hac vice |
| | **admitted to practice in the District of Maryland |
| | |
| | *Counsel for Students for Fair Admissions* |

**CERTIFICATE OF SERVICE**

I certify that on August 21, 2024, I e-filed the foregoing via ECF, which will automatically email all counsel of record.

/s/ Thomas R. McCarthy