**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS<br>*Plaintiff*,<br><br>v.<br><br>THE UNITED STATES NAVAL<br>ACADEMY, *et al.*,<br>*Defendants*. | No. 1:23-cv-2699-RDB |

**OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* REGARDING
PLAINTIFF'S EXHIBITS**

i

## INTRODUCTION

Defendants' Motion *in Limine* (Doc. 86) seeks to exclude several broad categories of documents on Plaintiff's Exhibit List (on bases that would apply equally to dozens of exhibits on the Naval Academy's own list). Some of the Naval Academy's objections are obviously incorrect; for example, prior statements from opponent parties in this case (and their agents) are textbook admissible non-hearsay under Fed. R. Evid. 801(d). Others are merely premature. The parties have each identified *hundreds* of potential trial exhibits in this expedited proceeding; objections are still in the process of being exchanged and negotiated; and SFFA has not made a final decision to offer into evidence *any* of the documents that the Naval Academy has identified.[1] And the admissibility of the documents identified by the Naval Academy is highly dependent on what actually happens at the forthcoming bench trial; documents inadmissible for one reason may be admissible for others depending on the purpose for which it is offered. SFFA thus requests that the Court deny the motion *in limine* without prejudice to the ability of the parties to raise objections if any of these exhibits are ever actually offered at trial.

## STANDARD OF REVIEW

The Fourth Circuit has warned that although motions *in limine* can sometimes help streamline issues at trial, "a court is often wise to await the unfolding of evidence before the jury before undertaking to make definitive rulings on the likely probative value of disputed evidence." *E.I. DuPont De Nemours & Co. v. Kolon Indus., Inc.*, 564 F. App'x 710, 715 (4th Cir. 2014) (reversing trial court verdict due to error in granting motion *in limine*). That is especially

---

[1] The documents that the Naval Academy identifies in its motion *in limine* have all been designated by SFFA as "may use" exhibits pursuant to Fed. R. Civ. Proc. 26(a)(3)(A)(iii), underscoring the prematurity of this motion. The Academy, on the other hand, has identified every single one of its 204 exhibits as "will use."

1

true where a party, like the Naval Academy here, seeks a ruling on broad categories of documents. In such cases, motions *in limine* are "premature because the Court cannot know whether such testimony is admissible without knowing the testimony or the context in which it arises." *A.Hak Indus. Servs. BV v. Techcorr USA, LLC*, No. 11-cv-74, 2014 WL 12591895, at *2 (N.D. W.Va. Dec. 18, 2014); *see also United States v. Fritzinger*, No. 20-cr-81, 2024 WL 3363841, at *8 (E.D.N.C. July 10, 2024) (denying motion *in limine* "without prejudice as to reconsideration upon further development of the evidence during trial"). "Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 12-cv-525, 2015 WL 1518099, at *10 (E.D. Va. Mar. 31, 2015), *aff'd sub nom.* 628 F. App'x 767 (Fed. Cir. 2016) (cleaned up).

Moreover, because this is a bench trial, the evidentiary rules do not apply with the full force they would in a jury trial. "[T]he exclusion of evidence is disfavored in a bench trial." *Teel v. City of Greenville (NC) Police Dep't*, No. 5-cv-168, 2007 WL 9760002, at *1 (E.D.N.C. Sept. 21, 2007); *see also Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994) (holding that "in the context of a bench trial . . . , we are confident that the district court can hear relevant evidence, weigh its probative value and reject any improper inferences"); *Tailored Chem. Prods., Inc. v. DAFCO Inc.*, No. 21-cv-69, 2023 WL 5944162, at *1 (W.D.N.C. Sept. 12, 2023) (noting that "some courts have suggested all evidence be provisionally admitted in a bench trial unless it is clearly inadmissible, privileged or too time consuming") (collecting cases). Although SFFA of course intends to comply with the Federal Rules of Evidence, "the flexible and more lenient standard

for the consideration of evidence during a bench trial," *id.* at *2, further weighs against categorically excluding potential evidence at the outset of trial.

## ARGUMENT

### I. Expert reports may be admitted in whole or in part during a bench trial.

SFFA—like the Naval Academy—marked all of the expert reports in this case for identification on its exhibit list. Unlike the Naval Academy, SFFA designated the expert reports as "may use," not "will use."[2] SFFA included the reports on its list for several reasons. It is likely the parties may need to refer to the reports during the trial (should, for example, issues of improper nondisclosure come up). Moreover, the Court may find it helpful to admit the reports for its own considerations or to make a complete record in this case. *See SMD Software, Inc. v. Emove, Inc.*, No. 8-cv-403, 2014 WL 12634915, at *3 (E.D.N.C. May 5, 2014) (noting after conference "the possibility of a stipulation between them regarding the admissibility of expert reports"). Finally, portions of the reports may be used with experts for limited reasons, such as consistent or inconsistent statements pursuant to Fed. R. Evid. 801(d), 806, and 613. Many of the experts considered or relied upon other experts' reports, which may open up a basis to cross examine them about their expert reports at trial.

And then there are the Rule 26(a)(2)(c) disclosures from several of the government's witnesses who also serve as active-duty officers or employees of the United States Navy. *See* P230-239. Because the Navy undoubtedly authorized and controls the statements of those witnesses, they qualify as party admissions that could be offered against the Navy at trial by

---

[2] One report from one of SFFA's experts, a Supplemental Report from Peter Arcidiacono (P519) was mistakenly identified as "Will Use," but Plaintiff has since informed the Naval Academy that it is designating that report as "May Use."

SFFA. *See* Fed. R. of Evid. 801(d)(2); *see also Rawers v. United States*, 488 F.Supp.3d 1059, 1084 n.29 (D.N.M. 2020) ("Courts have admitted a party's submission of its opponent's expert reports or testimony as non-hearsay by finding either that: (i) the expert was authorized to make a statement on the subject by the party that retained the expert; or (ii) the expert was an agent or employee of the party that retained the expert.") (citing *In re Hanford Nuclear Rsrv. Litig.*, 534 F.3d 986 (9th Cir. 2008)); *see also Collins v. Wayne Corp.*, 621 F.2d 777, 781-82 (5th Cir. 1980) (finding that an expert employed by a company is that company's agent, and statements by the expert concerning the matter of expertise are admissions of the company).

The Naval Academy relies on the general rule that expert reports are considered hearsay. *See* Mot. 2-3. But this ignores the myriad ways that the reports (or portions thereof) may be admissible, depending on the Court's preferences and the way evidence develops. And again, because this is a bench trial, concerns about prejudice and hearsay are relaxed. *Teel*, 2007 WL 9760002, at *1. That is why courts—including courts in this Circuit—have denied blanket motions to exclude expert reports. *See, e.g.*, *Taylor v. Fluor Corp.*, No. 17-cv-1875 , 2020 WL 614077, at *2 (D.S.C. Feb. 10, 2020) (noting that "the evidentiary landscape at trial may develop in such a way that limited portions of the report become admissible" and denying motion in limine to exclude expert reports and exhibits at trial); *In re Hanckel*, No. 12-cv-4936, 2015 WL 8607388, at *15 (Bankr. D.S.C. Dec. 11, 2015) (noting that the "court's discretion is particularly broad in bench trials" and denying motion to exclude expert reports).

Again, SFFA has not reached a determination that it will need to offer any of the reports into evidence at trial. But it is simply premature at this point to rule that none of them

4

are admissible for any purpose. The Naval Academy's motion to exclude P218-232, P234-235, P237-238, P240-258, P510, and P517-518 should be denied.[3]

## II. The Naval Academy's prior sworn declarations are admissible at trial.

The Naval Academy contends that a number of prior sworn declarations from Navy employees and one of its outside expert witnesses are "cumulative" under Fed. R. Evid. 403 and thus should be excluded. All of these documents are designated by SFFA as "may use." Again, this argument is premature and fails to acknowledge that this is a bench trial, where Rule 403 takes on far less significance. *See Schultz*, 24 F.3d at 632. Nor can the Naval Academy contest that prior sworn declarations by its own employees are non-hearsay admissions under Rule 801(d), while also arguing that they can be used at trial to impeach or otherwise establish the basis and reliability of the witness's trial testimony. *See, e.g.*, *United States v. Gordon*, 754 F. App'x 171, 177 (4th Cir. 2018) (pleadings and filings signed by a party are admissible under Fed. R. Evid. 801(d)(2)(A)).

Again, SFFA has not made any decision to use these declarations at trial and has no interest in putting on duplicative or unnecessary evidence. But circumstances may well develop at trial that make the use of the Naval Academy's prior statements admissible and relevant. The motion to exclude P259, P264, P265-269, P283, P322, P500, and P503 should be denied at this time.

---

[3] The Naval Academy separately takes issue with Plaintiff's inclusion of the preliminary-injunction declaration from Lt. Gen. Thomas Spoehr (P281). *See* Mot. 3. Plaintiffs do not intend to offer this declaration at trial as expert testimony at trial. But this document was available to all of the experts in this case, and relied upon by some of them, and so again it is possible the document may be used in some limited or permissible way at trial.

5

### III. The Naval Academy's pleadings and discovery responses are admissible at trial.

The Naval Academy takes issue with SFFA including a number of pleadings in this case on its exhibit list (again, almost entirely designated as "may use" exhibits) on the grounds that they constitute hearsay or are irrelevant. Again, this motion is premature. But the Naval Academy is clearly wrong to suggest that 30(b)(6) deposition testimony from the Naval Academy (P296) or prior filings on the docket signed by the Naval Academy's attorneys (P282, P471) are inadmissible hearsay. *See* Rule 801(d); *Gordon*, 754 F. App'x. at 177; *Bermudez v. City of N.Y.*, No. 15-cv-3240, 2019 WL 136633, at *16 (E.D.N.Y. Jan. 8, 2019) ("[P]laintiff's pleadings are admissible for impeachment purposes and as party admissions, excepted from the definition of hearsay."). The same is true of discovery responses and privilege logs submitted by the Naval Academy's attorneys (P291, P294, P306, P308, P502, P512). *Id.*; *see also Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, No. 12-cv-196, 2018 WL 3135847, at *13 (N.D.N.Y. Jun. 27, 2018).

A "privilege log may constitute [an] admission [by] a party opponent." *Utica Mut.*, 2018 WL 3135847, at *13 (citing *Mut. Ins. Co., Ltd. v. Murphy*, 630 F. Supp. 2d 158, 168 n.3 (D. Mass. 2009)). And an amicus brief filed in the *Harvard* litigation and signed by hundreds of former military officers (P542) could be admitted to challenge assertions of military officials here that their interests reflect a "consensus" or the "considered judgement" of "the military" writ large.

It is impossible to decide now, three weeks before trial, that no portions of any of these documents may become relevant to issues that arise at trial. The 30(b)(6) deposition certainly covers potentially relevant topics, as do the Naval Academy's discovery responses. Again, SFFA is unlikely to offer many of these exhibits, but it is a "better practice … to deal with

6

questions of admissibility of evidence as they arise." *Intelligent Verification*, 2015 WL 1518099, at *10. The court should do so here and deny the motion to exclude for all purposes as to P282, P291, P294, P296-297, P306, P308, P471, P501-502, P509, P511-512, and P542.[4]

### IV. The Court should deny the motion to exclude documents that experts in this case relied upon.

Finally, the Naval Academy moves to exclude a number of articles on SFFA's exhibit list, again all of which are designated as "may use." As the Naval Academy acknowledges, Fed. R. Evid. 703 permits an expert witness to reasonably rely upon facts or data "which need not be admissible for the opinion to be admitted." And restrictions on disclosure of those facts and data are designed to protect against reactions to such information from *a jury*: "[I]f the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." *Id.*

This case does not involve a jury, and so there is no danger in a juror being prejudiced by reviewing news articles or other information experts relied upon in this case. In bench trials, the court can be trusted to review such information and determine the relative probative value. *See, e.g.*, *Schultz*, 24 F.3d at 632. "[B]ecause this case is proceeding as a bench trial, hearsay testimony need not be as strenuously guarded." *Floyd v. City of N.Y.*, No. 8-cv-1034, 2013 WL 1955683, at *2 (S.D.N.Y. May 13, 2013) (citing *United States v. One Parcel of Real Estate at 1012 Germantown Rd., Palm Beach Cty., Fla.*, 963 F.2d 1496, 1501 (11th Cir. 1992)); *see also Weinhoffer*

---

[4] SFFA is highly unlikely to offer the attorney declarations identified by the Naval Academy (P279 & 280) into evidence at trial—a fact SFFA would have told the Naval Academy if it had met and conferred over this motion. To the extent the Naval Academy is raising authentication objections to attachments to those declarations, the parties are still meeting and conferring on authenticity issues, so it is again premature to decide those questions at this time.

7


*as Trustee of Offshore Specialty Fabricators LLC v. Davie Shoring, Inc.*, 479 F. Supp. 3d 330, 334 (E.D. La. 2020) (rejecting Rule 703 argument because "this matter is set for bench trial, there is no jury and the Court can properly weigh the probative value and prejudicial effect of the evidence").

Because it is too early to determine if SFFA will admit any of the exhibits, and because Rule 703 does not prohibit their admission in a bench trial, the Court should deny without prejudice the Naval Academy's motion to exclude P279-280, P450, P536-537, P538-539, and P540-541.

## CONCLUSION

For the foregoing reasons, the Naval Academy's motion should be denied.

Dated: August 28, 2024

Adam K. Mortara*
(TN Bar No. 40089)
LAWFAIR LLC
40 Burton Hills Blvd., Ste. 200
Nashville, TN 37215
(773) 750-7154
mortara@lawfairllc.com

Respectfully submitted,

_/s/ Thomas R. McCarthy_

Thomas R. McCarthy*
Patrick Strawbridge*
J. Michael Connolly*
Bryan K. Weir*
Cameron T. Norris**
James F. Hasson*
R. Gabriel Anderson*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
patrick@consovoymccarthy.com
mike@consovoymccarthy.com
bryan@consovoymccarthy.com
cam@consovoymccarthy.com
james@consovoymccarthy.com
gabe@consovoymccarthy.com

*pro hac vice
**admitted to practice in the District of Maryland

*Counsel for Students for Fair Admissions*

9

## CERTIFICATE OF SERVICE

I certify that on August 28, 2024, I e-filed the foregoing via ECF, which will automatically email all counsel of record.

<div align="right">

*/s/ Thomas R. McCarthy*

</div>