IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STUDENTS FOR FAIR ADMISSIONS, | * | |
| *Plaintiff*, | * | |
| v. | * | Civ. Action No. RDB-23-2699 |
| THE UNITED STATES NAVAL ACADEMY, *et al.*, | * | |
| | * | |
| *Defendants*. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

The Defendants in this action filed a Motion *in Limine* Concerning Certain Exhibits ("Defendants' Motion") (ECF No. 86), seeking an order to exclude several of Plaintiff's proposed exhibits. On September 5, 2024, this Court heard oral argument from the parties. For the reasons set forth on the record, Defendants' Motion *in Limine* Concerning Certain Exhibits (ECF No. 86) is GRANTED IN PART and DENIED IN PART. Specifically, Defendants' Motion (ECF No. 86) is GRANTED as to the following:

1. Declaration from retired Lt. Gen. Spoehr, which Plaintiff Students for Fair Admissions ("SFFA") relied on in its preliminary injunction motion (ECF No. 9) (i.e., the exhibit labeled by Plaintiff as P281);

2. Defendants' Privilege Log (i.e., the exhibit labeled by Plaintiff as P294);

3. Defendants' preliminary injunction opposition brief (ECF No. 46), which is a matter of record in the court file (i.e., the exhibit labeled by Plaintiff as P471);

4. The Amicus Brief filed in *SFFA v. Harvard*, 600 U.S. 181 (2023), by former military officials opposed to the consideration of race in the Harvard admissions process (i.e., the exhibit labeled by Plaintiff as P542);

5. Declaration from Plaintiff's Counsel Hasson purporting to authenticate exhibits, including news articles (i.e., the exhibits labeled by Plaintiff as P279 and P280).

Defendants' Motion (ECF No. 86) is DENIED with respect to the following:[1]

1. Parties' expert reports, Defendants' Rule 26(a)(2)(C) disclosures, and related materials (i.e., the exhibits labeled by Plaintiff as P218-P232, P234-235, P237-238, P240-P258, P510, P517-P518);

2. Declaration of Bruce Latta and revision and Notice filed by Defendants correcting Dean Latta's declaration (i.e., the exhibits labeled by Plaintiff as P259, P283, P500, P322, and P282);

3. Declaration of John V. Fuller (i.e., the exhibits labeled by Plaintiff as P264 and P503);

4. Declaration of Ashish Vazirani (i.e., the exhibit labeled by Plaintiff as P265);

5. Declaration of John Sherwood (i.e., the exhibit labeled by Plaintiff as P266);

6. Declaration of Jason Lyall, curriculum vitae, and works citied (i.e., the exhibits labeled by Plaintiff as P267-P269);

7. Deposition transcript of Defendants' Rule 30(b)(6) designees (i.e., the exhibit labeled by Plaintiff as P296);

---

[1] Defendants' Motion is denied as to these exhibits for the reasons stated on the record. As the Court explained on the record, however, the Court cannot definitively rule on many of these exhibits—including the parties' expert reports, Rule 26(a)(2)(C) disclosures and related materials and various news articles, reports, and similar materials—unless and until they are raised in context at trial. Accordingly, as the Court explained on the record, the parties may raise these arguments again if and when the proposed exhibits arise at trial.

8. Deposition notices (i.e., the exhibits labeled by Plaintiff as P297, P501, P509, and P511);

9. Defendants' initial disclosures (i.e., the exhibits labeled by Plaintiff as P291, P306, P308, P502, P512); and

10. Various news articles, reports, and similar materials (i.e., the exhibits labeled by Plaintiff as P450, P536, P537, P538, P539, P540, P541).


Dated: September 6th, 2024

/s/
_____
Richard D. Bennett
United States Senior District Judge