IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STUDENTS FOR FAIR ADMISSIONS, | * | |
| *Plaintiff*, | * | |
| v. | * | Civ. Action No. RDB-23-2699 |
| THE UNITED STATES NAVAL ACADEMY, *et al.*, | * | |
| | * | |
| *Defendants*. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

# MEMORANDUM ORDER

Plaintiff Students for Fair Admissions, Inc. ("SFFA") initiated this action against Defendants United States Naval Academy ("USNA"); United States Department of Defense (the "DoD"); Lloyd Austin, in his official capacity as Secretary of Defense; Carlos Del Toro, in his official capacity as Secretary of the Navy; Bruce Latta, in his official capacity as Dean of Admissions of USNA; and Rear Admiral Fred Kacher, in his official capacity as Acting Superintendent of USNA, (collectively, "Defendants"), alleging USNA's race-conscious admissions practice violates the Fifth Amendment's equal protection principles. (ECF No. 1.)[1] Currently pending before this Court is SFFA's Motion *in Limine* to Exclude Certain Testimony from Captain (SEAL) Birch ("SFFA's Motion"). (ECF No. 87.) Defendants filed an opposition (ECF No. 94, *SEALED*.) On September 5, 2024, the Court heard oral argument from the parties. At the conclusion of oral argument, the Court ruled from the

---

[1] For clarity, this Memorandum Order cites to the ECF generated page number, rather than the page number at the bottom of the parties' various submissions, unless otherwise indicated. Likewise, this Memorandum Order cites to the ECF generated document number, rather than the exhibit number provided in the parties' various submissions.

1

bench and DENIED SFFA's Motion, promising an opinion to follow. This Memorandum Order expounds upon the Court's reasoning.

## BACKGROUND

The facts of this case have already been summarized in this Court's Memorandum Opinion (ECF No. 113), and do not need to be restated here. This litigation is firmly set for a ten-day bench trial beginning Monday, September 16, 2024, and concluding Friday, September 27, 2024. Before trial, this Court must resolve several motions pending before it.[2] This Memorandum Order addresses Plaintiff's Motion *in Limine* to Exclude Certain Testimony from Captain (SEAL) Birch ("SFFA's Motion"). (ECF No. 87.)

In its Motion, SFFA seeks to exclude testimony from Captain Jason Birch ("CAPT. Birch"), a USNA fact witness and Third Battalion Officer with USNA. (*Id.* at 2). In November 2020, CAPT. Birch, who is African American, wrote an article in which he opined on the importance of diversity in the United States Navy and recounted instances of "[b]igoted insults and overt racism" he had experienced in his career.[3] (ECF No. 87-1 at 3; ECF No. 87-4.) The article mentioned two specific incidents: (1) a senior SEAL captain asked CAPT. Birch and another African American SEAL candidate, "How are my two little cookies doing?"; and (2) a senior enlisted SEAL leader announced to CAPT. Birch, "I am a racist bastard—but I will always support you." (ECF No. 94, *SEALED*, at 3.) After USNA disclosed CAPT. Birch as a fact witness, SFFA took his deposition and asked him about these two incidents.[4]

---

[2] Currently pending before this Court are Plaintiff's Motion *in Limine* to Exclude Certain Testimony from CAPT. (SEAL) Birch (ECF No. 87); Defendants' Motion *in Limine* Regarding Plaintiff's Expert Witnesses (ECF No. 87); and Defendants' Motion *in Limine* Concerning Certain Exhibits (ECF No. 86).
[3] This article is titled "Remain Optimistic about Racial and Gender Progress." (ECF No. 94 *SEALED* at 3.)
[4] During his August 8, 2024, deposition, CAPT. Birch described various instances where racial diversity affected his unit's cohesiveness and missions—including the incidents mentioned in his article—and provided names

2

(ECF No. 87-1 at 2.) Despite knowing the names of the senior SEAL captain and senior enlisted leader described in the article, CAPT. Birch refused to identify them to SFFA's counsel. (*Id.* at 3; ECF 87-3 at 6:20-21; 7:1-7:21; 8:1-9; 10:6-17; 12:17-19.)

On August 14, 2024, SFFA unsuccessfully sought to compel additional deposition testimony from CAPT. Birch as to the identities of these two individuals. (ECF No. 73.) This Court denied SFFA's Motion to Compel (ECF No. 73) but ordered USNA to determine whether any of the incidents CAPT. Birch described in his deposition testimony were memorialized in records.[5] (ECF No. 87 at 3.) SFFA now moves to exclude CAPT. Birch's testimony as to the incidents described in his November 2020 article. (*Id.* at 1.)

## STANDARD OF REVIEW

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n.2 (1984). "Such motions are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" *Changzhou Kaidi Elec. Co. v. Okin Am., Inc.*, 102 F. Supp. 3d 740, 745 (D. Md. 2015) (quoting *Louzon v. Ford Motor Co.,* 718 F.3d 556, 561 (6th Cir. 2013)). The United States Court of Appeals for the Fourth Circuit reviews a district court's denial of a motion *in limine* for abuse of discretion. *United States v. Hernandez,*

---

or aliases of the individuals involved. (ECF No. 94 *SEALED*, at 4; ECF No. 94 *SEALED* Ex. A at 113:18-115:9; 123:9-19; 137:21-138:14; 150:5-9; 172:5-13; 115:11-118:21.)

[5] In accordance with this Court's August 15, 2024, letter order (ECF No. 73), USNA submitted disciplinary records related to an incident that occurred while CAPT. Birch was leading SEAL Team 8 in Somalia. (ECF No. 94-2 *SEALED*; ECF No. 94-3 *SEALED*.) In that incident, an African American enlisted member was the victim of racial caricatures and epithets written in his biography, which had been placed in a team room area. (ECF No. 94 *SEALED* at 3.) That incident is not part of the testimony SFFA challenges here. (ECF No. 87.)

212 F. App'x 229, 230 (4th Cir. 2007) (citing *United States v. White*, 405 F.3d 208, 212 (4th Cir. 2005)).

## ANALYSIS

SFFA seeks an order under Federal Rule of Evidence 403 to exclude CAPT. Birch's testimony about the incidents described in his November 2020 article. (ECF No. 87-1 at 4.) SFFA presents three arguments in support of exclusion. (*Id.*) First, SFFA asserts that the experiential anecdotes of racism described in the article are minimally relevant because they are not indicative of others' experiences, were never reported to senior officers, and do not identify specific individuals. (*Id.*) Second, and relatedly, SFFA contends that CAPT. Birch's testimony constitutes a waste of time under Rule 403. (*Id.* at 4-5.) Finally, SFFA argues that CAPT. Birch's refusal to identify the individuals referenced in his article unfairly prejudices SFFA by denying it the opportunity to fully and fairly cross examine him. (*Id.* at 5-6.)

In response, USNA argues that SFFA fails to meet its burden to show that CAPT. Birch's testimony about these incidents is inadmissible under Rule 403. (ECF No. 94 *SEALED* at 5.) Specifically, USNA argues that (1) CAPT. Birch's testimony is relevant because it provides concrete examples of how a diverse officer corps affects unit cohesiveness and national security, and (2) SFFA cannot show that it is unfairly prejudiced by the inclusion of CAPT. Birch's testimony about these incidents.[6] (*Id.*) USNA argues that SFFA questioned CAPT. Birch extensively about the various instances described in the article, and CAPT. Birch answered with substantial detail, using aliases when he declined to provide names. (*Id.* at 9.)

---

[6] USNA also argues that courts routinely admit lay witnesses' testimony about their personal experiences related to discrimination in the context of their jobs. (ECF No. 94 *SEALED* at 7 (citing *United States v. Rich*, 2024 WL 2396917, at *2 (D. Md. May 23, 2024)).)

4

Under Federal Rule of Evidence 403, courts may exclude relevant evidence "if its probative value is substantially outweighed by a danger of," among other things, "unfair prejudice, confusing the issues, misleading the jury, ... [or] wasting time." FED. R. EVID. 403. *See also United States v. Awni Shauaib Zayyad*, 741 F.3d 452, 461 (4th Cir. 2014). The "balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." *United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008) (internal quotation marks omitted). As the Fourth Circuit has repeatedly recognized, "in the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial." *Schultz v. Butler*, 24 F.3d 626, 632 (4th Cir. 1994). *See also United States v. Sebolt*, 554 Fed. App'x 200, 206 (4th Cir. 2014) ("[I]n the context of a bench trial, there is less concern that the finder of fact will utilize evidence for an improper purpose."). A district court's judgment concerning the Rule 403 balance "will not be overturned except under the most extraordinary circumstances." *Lentz*, 524 F.3d at 525 (internal quotation marks omitted).

Here, SFFA has not shown that CAPT. Birch's testimony fails Rule 403's balancing test. As Judge Hurson of this Court has recognized, lay witnesses are frequently allowed to testify about their own observations and experiences in the context of their jobs. *See United States v. Rich*, 2024 WL 2396917, at *2 (D. Md. May 23, 2023) (collecting cases). CAPT. Birch's testimony about his experiences as an African American Naval officer tend to move the needle on whether, as USNA asserts, a lack of diversity at USNA threatens national security by reducing unit cohesiveness. Because CAPT. Birch's testimony goes to the legitimacy of

5

USNA's claimed compelling interest in national security, it is relevant to the central issue in this action: whether USNA's race-conscious admissions process survives strict scrutiny.[7]

SFFA's argument that it is unfairly prejudiced because it cannot properly cross examine CAPT. Birch without knowing the names of the individuals referenced in the November 2020 article is similarly unconvincing. Despite SFFA's contention, the identities of the referenced individuals would not tend to prove or disprove the truth of CAPT. Birch's sworn testimony. The probative portion of his testimony as a fact witness—that he believes these instances occurred and affected his unit's cohesion—is unrelated to the identities of the individuals. Moreover, CAPT. Birch provided detailed testimony about the incidents and used aliases when he refused to provide the individuals' names. Even without knowing the names of the individuals, therefore, SFFA can still attack CAPT. Birch's credibility as to the incidents mentioned in his November 2020 article. Accordingly, SFFA's Motion (ECF No. 87) is DENIED.

---

[7] SFFA contends that CAPT. Birch's testimony must not be relevant—and will be a waste of time— at trial because he did not report the incidents to superiors, but this argument misstates the Rule 403 standard. As noted above, under Rule 403, relevant evidence may be excluded where its "probative value is substantially outweighed by a danger of … unfair prejudice … [or] wasting time." Whether CAPT. Birch reported the incidents does not change his testimony's tendency to prove that he believes the incidents occurred and affected his unit. Similarly, at oral argument, SFFA suggested that the incidents are not relevant because they occurred in the past—according to SFFA, one incident happened in 2000 and the other in 2010. This argument goes to the weight of CAPT. Birch's testimony, rather than to its relevance.

## CONCLUSION

For the reasons stated above, it is this 6th day of September 2024, ORDERED that:

1. Plaintiff's Motion *in Limine* to Exclude Certain Testimony from CAPT. (SEAL) Birch (ECF No. 87) is DENIED.

2. The Clerk of the Court shall transmit copies of this Memorandum Order to counsel of record.

Dated: September 6th, 2024

                                                                                      /s/
                                                                            Richard D. Bennett
                                                                             United States Senior District Judge