IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STUDENTS FOR FAIR ADMISSIONS, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-23-2699 |
| THE UNITED STATES NAVAL ACADEMY, *et al.*, | * | |
| | * | |
| *Defendants*. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

This matter is set for a two-week bench trial beginning September 16, 2024. (ECF No. 71.)[1] Presently before the Court is the Defendants' Motion *in Limine* Regarding Plaintiff's Expert Witnesses (ECF No. 85). Therein, Defendants first move to exclude the testimony of Brigadier General (Ret.) Christopher S. Walker ("Brig. Gen. Walker") and Lieutenant Colonel (Ret.) Dakota L. Wood ("Lt. Col. Wood") in their entirety, contending their testimony is irrelevant and unhelpful in light of judicial deference to military judgments where matters of national security are concerned. (*Id.* at 8–12.) Defendants further move to exclude the portions of Lt. Col. Wood's testimony where he summarizes interviews with Colonel (Ret.) James Reilly, Colonel (Ret.) Stephen Davis, and Colonel (Ret.) Harold van OpDorp, arguing that such testimony should be excluded as a conduit for hearsay. (*Id.* at 12–14.) Lastly, Defendants move to exclude the portion of Richard Kahlenberg's ("Kahlenberg") expert

---

[1] For clarity, this Memorandum Opinion cites to the CM/ECF generated page number, rather than the page number at the bottom of the parties' various submissions, unless otherwise indicated. Likewise, this Memorandum Opinion cites to the CM/ECF generated document number, rather than the exhibit number provided by the parties' various submissions.

1

testimony and opinion concerning the United States Coast Guard Academy (the "Coast Guard Academy") and any comparison to the United States Naval Academy (the "Naval Academy"), arguing Kahlenberg's testimony is unreliable and that significant differences between the two academies that preclude probative comparison. (*Id.* at 14–18.) Plaintiff Students for Fair Admissions responded in opposition (ECF No. 101), and the Court heard oral argument from the parties on September 5, 2024. At the conclusion of oral argument, the Court ruled from the bench and DENIED Defendants' request to exclude Brig. Gen. Walker and Lt. Col. Wood's testimony in their entirety and Kahlenberg's testimony and opinion concerning the Coast Guard Academy, but GRANTED Defendants' request to exclude the portions of Lt. Col. Wood's testimony where he summarizes interviews with three retired military professionals. This Memorandum Opinion expounds upon the Court's reasoning.

## BACKGROUND

Because the Court has previously recounted the facts underlying this action (ECF No. 60), only those necessary for the disposition of the Defendants' Motion *in Limine* Regarding Plaintiff's Expert Witnesses (ECF No. 85) are included below.

Plaintiff Students for Fair Admissions brings this action against Defendants, alleging the Naval Academy's race-conscious admissions practice violates the equal protection component of the Fifth Amendment of the United States Constitution. (ECF No. 1.) Discovery in this matter has concluded, and a ten-day bench trial is scheduled to begin on Monday, September 16, 2024. (ECF No. 71.) Through the present motion, Defendants have moved to exclude or limit the testimony and opinions of three of Plaintiff's proffered experts: Brigadier General (Ret.) Christopher S. Walker, Lieutenant Colonel (Ret.) Dakota L. Wood,

and Richard Kahlenberg.  (ECF No. 85.)

Brig. Gen. Walker graduated from the United States Air Force Academy in 1988 and served in the United States Air Force from his graduation until his recent retirement.  (ECF No. 85-1.)  In his report, he opines: (1) that "the military has a singular, overriding purpose: to win the nation's wars," and it achieves this goal "by ensuring that units . . . are tactically and technically proficient, have the time and resources necessary to train on their fundamental tasks, and have quality leadership;" (2) that unit cohesion and lethality, recruiting, retention, or the military's legitimacy will [not] suffer" if the Naval Academy ceases its limited consideration of race in the admission process; and (3) that military readiness will improve if the Naval Academy stops considering race and ethnicity in its admissions process because the current approach "undermines trust in leadership and is counter-productive to unit cohesion." (*Id.*)  He bases his opinions from his "personal and professional experience from [his] four decades of military service," as well as documents produced by Defendants.  (*Id.*)  At his deposition, he testified that he has no specific knowledge of the Naval Academy's admissions process.  (ECF No. 85-3.)

Lt. Col. Wood graduated from the Naval Academy in 1985 and served in the United States Marine Corps from 1985 to 2005.  (ECF No. 85-2.)  In his report, he opines: (1) that "[a]ny perception, accurate or not, that officers earned their commission or command due to preferential treatment undermines their authority and, in turn, the effectiveness of their units;" (2) that "the consideration of race in the admissions process at the Naval Academy is not essential to military readiness or the legitimacy of the U.S. military;" and (3) that the consideration of race and ethnicity "in admissions imposes readiness costs without having any

3

meaningful impact on the racial composition of the Navy or Marine officer corps." (*Id.*) He bases his opinions on his "extensive military and post-military experience," documents filed in conjunction with Plaintiff's Motion for Preliminary Injunction, and "short interviews with various career professionals with whom [he has] worked during [his] long career." (*Id.*) At his deposition, he testified that he has no specific knowledge of the Naval Academy's admissions process. (ECF No. 85-4.)

Kahlenberg is offered as an expert on race-neutral alternatives and his report identifies various race-neutral methods through which he contends the Naval Academy could achieve racial diversity. (ECF No. 85-5.) For example, Kahlenberg opines that the Coast Guard Academy's experience demonstrates that race-neutral alternatives could be workable at the Naval Academy. (*Id.*) He bases this opinion on four sources: two news articles, an oral argument transcript stating that the Coast Guard for a period of time did not consider race in admissions, and a subcommittee hearing transcript generally describing the Coast Guard's admissions efforts, all of which were provided to Kahlenberg by counsel. Like Brig. Gen. Walker and Lt. Col. Wood, Kahlenberg testified that he has no specific knowledge of Naval Academy's admissions process, and he further testified that he has no specific knowledge of the Coast Guard Academy's recruiting efforts that he contends increased diversity, did not review any Coast Guard materials or speak to anyone from the Coast Guard Academy, and he did not recall any specific independent research into the Coast Guard Academy.

## STANDARD OF REVIEW

A motion *in limine* is a request for guidance by the court regarding an evidentiary question." *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984).

The purpose of a motion *in limine* is "'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence.'" *United States v. Slagle*, SAG-15-392, 2015 U.S. Dist. LEXIS 136059, 2015 WL 5897740, at *1 (D. Md. Oct. 6, 2015) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987)); *see Osei v. Univ. of Md. Univ. Coll.*, 202 F. Supp. 3d 471, 479 n.5 (D. Md. 2016) ("[M]otions in limine are meant 'to streamline the case for trial and to provide guidance to counsel [and the parties] regarding evidentiary issues.'") (quoting *Adams v. NVR Homes*, Inc., 141 F. Supp. 2d 554, 558 (D. Md. 2001)), *vacated and remanded on other grounds*, 710 F. App'x. 593 (4th Cir. 2018).

Evidentiary rulings prior to trial are generally preliminary or tentative, made in the discretion of the court, for the purpose of assisting in preparation for trial. *Luce*, 713 F.2d at 1239–40; *see Adams*, 141 F. Supp. 2d at 558 ("A ruling on a motion *in limine* is no more than a preliminary or advisory opinion that falls entirely within the discretion of the district court."). When the evidence is actually offered at trial, the trial court may change its ruling. *Luce*, 713 F.2d at 1239. Additionally, "'[a] district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules.'" *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)).

## ANALYSIS

Through their Motion *in Limine* Regarding Plaintiff's Expert Witnesses (ECF No. 85), Defendants move to exclude (1) the testimony of Brig. Gen. Walker and Lieutenant Colonel Lt. Col. Wood in their entirety, contending their testimony is irrelevant and unhelpful in light of judicial deference to military judgments where matters of national security are concerned

(*id.* at 8–12); (2) the portions of Lt. Col. Wood's testimony where he summarizes interviews with Col. Reilly, Col. Davis, and Col. van OpDorp, arguing that such testimony should be excluded as a conduit for hearsay (*id.* at 12–14); and (3) the portion of Kahlenberg's expert testimony and opinion concerning the Coast Guard Academy and any comparison to the Naval Academy, arguing Kahlenberg's testimony is unreliable and that significant differences between the two academies that preclude probative comparison (*id.* at 14–18).  Plaintiff Students for Fair Admissions responded in opposition (ECF No. 101), and the Court heard oral argument from the parties on September 5, 2024.

Federal Rule of Evidence 702 governs the admissibility of expert testimony.  According to that rule,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

The proponent of expert testimony bears the burden of proof in establishing its admissibility. *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001).

"Rule 702 thus imposes a special gatekeeping obligation on the trial judge to ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 281 (4th Cir. 2021) (cleaned up). "In assessing the admissibility of expert testimony, a district court assumes a 'gatekeeping role' to

6

ensure that the 'testimony both rests on a reliable foundation and is relevant to the task at hand.'" *In re Lipitor (Atorvastatin Calcium) Marketing, Sales Practices and Products Liability Litigation (No II) MDL 2502*, 892 F.3d 624, 631 (4th Cir. 2018) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993)).  For expertise based on professional studies or experience, the court must "make certain that [the] expert, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).  Expert testimony cannot be based on mere "belief or speculation, and inferences must be derived using scientific or other valid methods."  *See Oglesby v. General Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999).

In the context of a bench trial, however, "the trial court's gatekeeping function is much less critical . . . because there [is] 'little danger' of prejudicing the judge, who can, after hearing the expert's testimony or opinion, determine what, if any, weight it deserves."  *Federal Trade Commission v. DIRECTV, Inc.*, No. 15-CV-01129, 2017 WL 412263, at *2 (N.D. Cal. Jan. 31, 2017); *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005) ("There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself."). Nonetheless, even in a bench trial case, it is necessary that expert testimony meet the fundamental admissibility requirements of Rule 702 and the decisions in *Daubert* and *Kumho*. FED. R. EVID. 702 advisory committee's notes to 2023 amendments.

Additionally, Rule 403 provides that courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  FED. R. EVID. 403.

7

**I.      The Court Will Allow Brig. Gen. Walker and Lt. Col. Wood to Testify.**

Defendants argue that the testimony of Brig. Gen. Walker and Lt. Col. Wood should be excluded in their entirety as irrelevant and unhelpful in light of judicial deference to military judgments where matters of national security are concerned. (ECF No. 85 at 8–12.) According to Defendants, Courts "[have] been particularly dismissive of 'expert testimony' seeking to undermine military judgments," citing the Supreme Court's decisions in *Goldman v. Weinberger*, 475 U.S. 503, 504–10 (1986) (holding that the military's dress code did not violate the First Amendment rights of an officer who was not allowed to wear a yarmulke while on duty based on the idea that courts should defer to the military's professional judgment on the importance of military interests), and *Rostker v. Goldberg*, 453 U.S. 57, 70 (1981) (holding that act requiring the registration for the draft of males and not females did not violate the Due Process Clause of the Fifth Amendment and explaining that "judicial deference . . . is at its apogee when legislative action under the congressional authority to raise and support armies and make rules and regulations for their governance is challenged"), as well as *Trump v. Hawaii*, 585 U.S. 667, 708 (2018) (warning that courts "cannot substitute [their] own assessment for the Executive's predictive judgments on [national security interests]") and D.C. Circuit decision: *Doe 2 v. Shanahan*, 755 F. App'x 19, 22, 24–25 (D.C. Cir. 2019) (vacating preliminary injunction for not being appropriately deferential" to military views, looking to *Goldman*, *Rotsker*, and *Trump*). (ECF No. 85 at 8–10.) In turn, Plaintiff argues that Brig. Gen. Walker and Lt. Col. Wood's testimony is relevant to the issues of this case (ECF No. 101 at 14–16); that this Court owes no deference to military officials' judgments when the military uses racial classifications (*id.* at 16–20); that regardless of the deference due to the military, that would

8

not mean that the Court must exclude SFFA's experts (*id.* at 21–24).  At bottom, this Court sees no reason to exclude Brig. Gen. Walker and Lt. Col. Wood's testimony in their entirety.  In the context of a bench trial, Defendants can challenge the specifics of their opinions on cross-examination and the Court can then determine how much weight to afford the evidence (if any).  Accordingly, Defendants' Motion *in Limine* Regarding Plaintiff's Expert Witnesses (ECF No. 85) is DENIED with respect to this first request.

## II. Portions of Lt. Col. Wood's Testimony Are Hearsay.

Nevertheless, the Court agrees with Defendants that portions of Lt. Col. Wood's testimony should be excluded because his testimony is merely a conduit for the hearsay testimony of three former military officers that he interviewed and who were not otherwise disclosed in discovery as individuals Plaintiff intends to rely upon or call at trial.  (ECF No. 85 at 12–14.)  As Defendants correctly note, the Federal Rules of Evidence permit experts some leeway with respect to hearsay evidence, but "an expert's testimony cannot simply serve as a conduit for testimonial hearsay." *Good v. Am. Water Works Co., Inc.*, No, 2:14-01374, 2016 U.S. Dist. LEXIS 131306, 2016 WL 5441517, at *8 (S.D.W. Va. Sept. 16, 2016); *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013)).  Simply stated, Lt. Col. Wood is merely acting as a transmitter for testimonial hearsay with respect to the opinions of Col. Reilly, Col. Davis, and Col. van OpDorp.  *Good*, 2016 WL 5441517, at *8.  Accordingly, Defendants' Motion *in Limine* Regarding Plaintiff's Expert Witnesses (ECF No. 85) is GRANTED with respect to the portions of Lt. Col. Wood's testimony where he summarizes and describes these interviews.

### III. The Court Will Allow Kahlenberg's Expert Testimony and Opinions About the Coast Guard Academy.

Lastly, Defendants argue that the portion of Kahlenberg's expert testimony and opinion concerning the Coast Guard Academy and any comparison to the Naval Academy should be excluded. (ECF No. 85 at 14–18.) The Defendants challenge Kahlenberg's opinion on this subject as unreliable and highlight significant differences between the two academies—chiefly that the Naval Academy uses a congressional nomination system, and is required to accommodate such nominations by statute, 10 U.S.C. § 8454, whereas the Coast Guard Academy does not. (ECF No. 85 at 14–18.) Because the Court is not persuaded by Defendants' reliability argument, Defendants can challenge the specifics of Kahlenberg's opinions on cross-examination and the Court can then determine how much weight to afford the evidence (if any). Accordingly, Defendants' Motion *in Limine* Regarding Plaintiff's Expert Witnesses (ECF No. 85) is DENIED with respect to Kahlenberg's expert testimony and opinion concerning the Coast Guard Academy.

**CONCLUSION**

For the reasons stated above, it is this 10th day of September, 2024, hereby ORDERED that Defendants' Motion *in Limine* Regarding Plaintiff's Expert Witnesses (ECF No. 85) is GRANTED IN PART and DENIED IN PART.  Specifically, the Motion (ECF No. 85) is GRANTED with respect to Defendants' request to exclude the portions of Lt. Col. Wood's testimony where he summarizes interviews with three retired military professionals; and DENIED with respect to Defendants' request to exclude Brig. Gen. Walker and Lt. Col. Wood's testimony in their entirety and Kahlenberg's testimony and opinion concerning the Coast Guard Academy.

/s/
Richard D. Bennett
United States Senior District Judge